**UNITED STATES, Appellee,**

v.

**Larry D. JOHNSON, Private, U. S. Army, Appellant.**

No. 32,973.
CM 433975.

U. S. Court of Military Appeals.

Oct. 15, 1979.

For Appellant: *Captain Preston Wilson* (argued); *Colonel Alton H. Harvey, Lieutenant Colonel John R. Thornock, Captain Lawrence E. Wzorek* (on brief); *Colonel Robert B. Clarke, Captain Hollis C. Lewis, Jr.*

For Appellee: *Captain Richard S. Kleager* (argued); *Colonel Thomas H. Davis, Major John T. Sherwood, Jr., Captain Richard A. Kirby* (on brief).

Opinion of the Court

PERRY, Judge: *

The appellant was convicted by a general court-martial of robbery and absence without leave, in violation of Articles 122 and 86, Uniform Code of Military Justice, 10 U.S.C. §§ 922 and 886, respectively. He was sentenced to a bad-conduct discharge, forfeiture of $225 pay per month for a period of 15 months, imprisonment for 15

---

* Judge Matthew J. Perry took final action in this case prior to his resignation as a judge of this Court pursuant to his appointment and confir- mation as a United States District Judge for the District of South Carolina.

months and reduction in rank to the lowest enlisted grade. The United States Army Court of Military Review has affirmed. We granted review to consider whether the court-martial had jurisdiction to try and convict the appellant who was tried and convicted during his absence.

Trial proceedings began on August 5, 1975. During a hearing prior to the expected presentation of evidence, held for the purpose of arraignment and the disposal of pretrial motions, pursuant to Article 39(a), UCMJ, 10 U.S.C. § 839(a), the appellant waived the reading of the charges but did not enter a plea. Instead, the appellant's attorney moved to dismiss the case upon the ground that he had been denied a speedy trial. After hearing evidence and argument thereon, the motion was denied. Thereupon, the appellant's counsel moved to remand the case for a new investigation pursuant to Article 32, UCMJ, 10 U.S.C. § 832, and presented evidence that the previous investigation was deficient. Finding that the "procedures of the 32 officers were improper," the military judge adjourned the trial proceedings until the following day, at which time the judge admonished that the Government should be represented by another prosecutor and be ready to proceed. The court reconvened the following day, as scheduled, and proceeded to hear the remaining pretrial motions. However, because of the deficiencies in the Article 32 investigations, that investigation was reopened. Upon the completion of the new investigation, a new pretrial advice was submitted to the convening authority who, upon the basis of that advice, referred the charges to the same court-martial.

When the court-martial reconvened on August 12, 1975, for trial, the appellant was not present and was found to have voluntarily absented himself from the trial. The prosecuting attorney informed the judge that a new Article 32 investigation and pretrial advice had been completed and that the convening authority had referred the same charges and specifications to the same court as originally convened. The Government then presented testimony which affirmatively established that the appellant had voluntarily absented himself after having been notified that the trial would proceed that day. The military judge announced that he would proceed with the trial without the presence of the appellant. The trial then proceeded. Upon its conclusion, the appellant was found guilty of the offenses set forth above.

The Government argues that the appellant knowingly and voluntarily absented himself and that under the Manual and prior cases of this Court, the court-martial was properly vested with jurisdiction to proceed with the trial in his absence. Indeed, in *United States v. Houghtaling*, 2 U.S.C.M.A. 230, 8 C.M.R. 30 (1953), the accused was tried and convicted during a trial *in absentia* where subsequent to arraignment of the four defendants and during a period of continuance, one of the defendants escaped from confinement and was not present when the trial resumed. This Court affirmed the conviction. We reached a similar conclusion in *United States v. Cook*, 20 U.S.C.M.A. 504, 43 C.M.R. 344 (1971), where, after arraignment of the accused, the trial judge granted a continuance in order that the accused could be given a mental examination. When the court reconvened 13 days later, the accused was not present. Because the accused's mental condition was an issue, this Court remanded the case for a determination as to whether his absence was voluntary, in which case the matter was to be returned for completion of appellate review. *See also United States v. Peebles*, 3 M.J. 177 (C.M.A.1977); para. 11c, Manual for Courts-Martial, United States 1969 (Revised edition). Thus, this accused could have been tried *in absentia* if he had been properly arraigned.

Since it is clear from the record that the accused was in fact arraigned, para. 65, Manual, *supra*, and then motions were offered and litigated prior to his absence when the court reconvened on August 12, the decisive question is whether the need for a new Article 32 investigation divested the court of jurisdiction and required that the proceedings begin anew.

The prerequisites of jurisdiction are:

That the court was convened by an official empowered to convene it; that the

membership of the court was in accordance with the law with respect to number and competency to sit on the court; and that the court was invested by act of Congress with power to try the person and the offense charged.

Para. 8, Manual, *supra*. All of these conditions were fulfilled when the court initially convened, and did not change at any time. Article 32(d) specifically provides that "failure to follow [the provisions of Article 32] does not constitute jurisdictional error." In *Humphrey v. Smith*, 336 U.S. 695, 700, 69 S.Ct. 830, 833, 93 L.Ed. 986 (1949), the Supreme Court held "that a failure to conduct pre-trial investigations as required by [the predecessor of Article 32] does not deprive a general court-martial of jurisdiction . . ." Article 32(d) was enacted to adopt the *Humphrey* view. *United States v. Allen*, 5 U.S.C.M.A. 626, 632, 18 C.M.R. 250, 256 (1955).[1]

 We conclude that a defect in the pretrial investigation does not deprive the court-martial of jurisdiction.[2] Rather, the trial must be postponed until the convening authority determines whether to order a continuation of the proceedings or to dismiss the charges. If he orders the trial to continue, it is not necessary to begin anew. Accordingly, the arraignment in the instant case was effective and trial *in absentia* was proper.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge FLETCHER concurs.

COOK, Judge (concurring in the result):

The grant of a motion for appropriate relief to correct some nonjurisdictional, pretrial defect does not divest the court-martial of authority to continue the case when the defect is remedied. Paragraph 69c, Manual for Courts-Martial, United States, 1969 (Revised edition), defines the procedure. In material part, it provides as follows:

If the motion is granted, the military judge may direct a continuance to enable the accused to prepare his defense properly, or may adjourn the proceedings to permit compliance with [para.] 34 and Article 32 and report the basis of his action to the convening authority. The latter may, after taking necessary action to cure the defect, return the record to the court with instructions to proceed with the trial.

In a unanimous opinion, a panel of the United States Army Court of Military Review commented on paragraph 69c, Manual for Courts-Martial, United States, 1951, the predecessor of the present provision, as follows:

[W]e believe it illogical and incorrect to interpret the Manual as authorizing trial before any tribunal other than the one that had already arraigned appellant and had ordered further proceedings in order to sanitize defects in the pretrial investigation; and we so hold.

*United States v. Wright*, 40 C.M.R. 616, 619 (A.C.M.R.1969).

I agree with that interpretation of the Manual provision. Consequently, I concur with my Brothers in the conclusion that, as the accused had voluntarily absented himself after arraignment, the court-martial could continue with the proceedings to findings and sentence.

---

1. This case contains a good discussion of the legislative history of Article 32(d), Uniform Code of Military Justice, 10 U.S.C. § 832(d). 5 U.S.C.M.A. 632–34, 18 C.M.R. 256–58.

2. In *United States v. Hardy*, 4 M.J. 20 (C.M.A. 1977), we recognized that where "the appellant's case was never properly referred to the general court-martial which tried and sentenced him, the entire proceeding was affected in a jurisdictional sense." *Id.* at 25–26. Another official had earlier referred the charges to a special court-martial, so it was held that the general court-martial convening authority

could not act on the charges to effect a different disposition. Therefore, Hardy's trial by general court-martial was improperly referred to trial since "the court was convened by an official [not] empowered to convene it." Para. 8, Manual for Courts-Martial, United States, 1969 (Revised edition), lists this as a matter affecting jurisdiction. However, the convening authority in the instant case was the proper official to convene the court, so there was no jurisdictional error. While this case does involve a defect which affected the initial referral, such defect was not jurisdictional in nature.