UNITED STATES, Appellee,

v.

Kimball Joseph CLARK, Photographer's
Mate Second Class, U. S.
Navy, Appellant.

No. 38,851.

NCM 79 0373.

U. S. Court of Military Appeals.

June 15, 1981.

For Appellant: *Lieutenant Patrick A. Fayle*, JAGC, USN (argued).

For Appellee: *Lieutenant J. G. Van Winkle*, JAGC, USN (argued), *Commander T. C. Watson, Jr.*, JAGC, USN (on brief).

### Opinion of the Court

FLETCHER, Judge:

This general court-martial was convened by the Commander U.S. Naval Forces Marianas/U.S. Naval Base Guam. The appellant was charged with numerous offenses under the Uniform Code of Military Justice.[1] In November 1978 the military judge sitting alone found him guilty of many of these offenses.[2] The appellant was sentenced to a bad-conduct discharge, confinement at hard labor for 3 years, total forfeitures and reduction to pay grade E–1. A different general court-martial authority, Commander, Naval Base, Pearl Harbor, Hawaii, approved the sentence. On February 29, 1980, the United States Navy Court of Military Review affirmed the findings of guilty and the sentence.

A statement of the pretrial procedural history of this case is necessary for a proper appreciation of the issues granted for review. 9 M.J. 141 (C.M.A.1980).

An original Charge under Article 92, UCMJ, 10 U.S.C. § 892, and thirteen specifications of violating service drug regulations were preferred against the appellant on May 2, 1978. The Commanding Officer, U.S. Naval Air Station, Agana, Guam, appointed, on this same date, Lieutenant David Ackerman to act as investigating officer under Article 32, UCMJ. Lieutenant Commander Carlson LeGrand was designated by this special court-martial authority to act as counsel for the Government and Lieutenant Steven Curlee was designated as counsel for the Respondent. The pretrial investigating officer held hearings on May 17 and 18, 1978. On May 31, 1978, Lieutenant Ackerman recommended trial by special court-martial for these offenses and three more specifications under the same charge alleging similar drug offenses.

On June 21, 1978, ten more drug offenses were preferred against the appellant as an Additional Charge under Article 92, UCMJ. The special court-martial authority referred all the above Charges and specifications to a special court-martial on June 26, 1978. Later on July 12, this special court-martial authority withdrew all these Charges and

---

1. The appellant was charged with: Charge I, 1 specification of conspiring to commit perjury; Charge II, 30 specifications of violating service drug regulations; Charge III, 2 specifications of soliciting to commit perjury; Additional Charge, 9 specifications of violating service drug regulations, all in violation of Articles 81, 92 and 134 of the Uniform Code of Military Justice, 10 U.S.C. §§ 881, 892 and 934, respectively.

2. Contrary to his pleas, appellant was found guilty of Charge I; Charge II, 15 specifications; Charge III, 1 specification; and Additional Charge, 4 specifications.

   The appellant was also found guilty of two lesser included offenses of attempting to violate service drug regulations. After findings, the military judge dismissed, as multiplicious, findings of guilty to four service drug regulation specifications.

specifications from this special court-martial.

On July 18, 1978, three Additional Charges were preferred against the appellant. Additional Charge I concerned an alleged violation of Article 81, UCMJ, conspiracy to commit perjury. Additional Charge II concerned fourteen more drug regulation violations under Article 92, UCMJ. Additional Charge III was an alleged violation of Article 134, UCMJ, solicitation to commit perjury. The special court-martial authority appointed Lieutenant Commander J. D. Runnels to conduct a pretrial investigation under Article 32, UCMJ, of these offenses. This investigation was conducted on July 31 and August 1, 1978, with Lieutenant Commander LeGrand and Lieutenant Curlee as counsel. On August 10, 1978, Lieutenant Commander Runnels recommended trial by general court-martial for these offenses.

On August 22, 1978, all these matters were forwarded by the special court-martial authority with his recommendation for trial by general court-martial to Commander, U.S. Naval Forces Marianas/U.S. Naval Base Guam. The staff judge advocate of this general court-martial authority recommended trial by general court-martial for these offenses on August 30, 1978. On August 31, 1978, a new charge sheet was prepared consolidating the above offenses into Charge I, Charge II and Charge III. On September 1, 1978, the general court-martial authority referred these charges and specifications to general court-martial.

On September 6, 1978, additional service drug regulation offenses were preferred against the appellant. The general court-martial authority on September 7, 1978, ordered Lieutenant Commander Runnels to reopen his Article 32, UCMJ, investigation to inquire into this Additional Charge under Article 92, UCMJ. On September 8, 1978, he recommended that these offenses also be tried by general court-martial. The staff judge advocate of the general court-martial authority agreed with this recommendation on September 11, 1978. The general court-martial authority referred this Additional Charge and nine specifications to the same general court-martial on September 11, 1978.

On September 25, 1978, this general court-martial was opened by the military judge. At that time and for various reasons, he granted a defense motion for a new pretrial investigation as to all Charges and specifications thereunder. The general court-martial authority appointed Lieutenant David Schwendiman as pretrial investigating officer on September 27, 1978. After conducting a pretrial investigation, he recommended trial by general court-martial. The staff judge advocate of the general court-martial authority concurred on November 14, 1978. On November 14, 1978, the Commander U.S. Naval Forces, Marianas/Commander U.S. Naval Base, Guam, issued the following written order:

> After a careful and thorough evaluation of the issues and evidence, I hereby confirm and adhere to my previous referrals of 1 September 1978 and 11 September 1978 to the General Court-Martial appointed by my Convening Order Number 2–78 of 2 June 1978, as amended.
>
> The trial counsel is hereby directed to withdraw from the court, specifications 33, 34, 35, 36 and 37 of Charge II.

I

The appellant first asserts that this general court-martial had no jurisdiction to try him for these offenses because the charges were not properly referred to trial on November 14, 1978. *See United States v. Hardy,* 4 M.J. 20 (C.M.A.1977). In particular, he contends that the general court-martial convening authority merely confirmed and adhered to his earlier referral actions in September 1978, which were without legal effect because of the military judge's ruling ordering a new Article 32 investigation and staff judge advocate's advice. Accordingly, he argues, that since these prior referral actions were legal nullities, any subsequent action based upon them is also without legal effect. Such an argument is without merit.

██ A defective pretrial investigation does not by itself "constitute jurisdictional

**182**

error." Article 32(d), UCMJ, 10 U.S.C. § 832(d). Accordingly, the military judge's ruling ordering a new pretrial investigation and advice did not render the September referral actions legal nullities. *United States v. Johnson*, 7 M.J. 396 (C.M.A.1979). Moreover, the referral on November 14, 1978, was proper in its own right. The Uniform Code of Military Justice does not define the procedural manner in which a convening authority will refer charges to court-martial. *See* Article 30(b), UCMJ, 10 U.S.C. § 830(b). Paragraph 33*j*, Manual for Courts-Martial, United States, 1969 (Revised edition), states only that "[c]harges are ordinarily referred to a court-martial for trial by means of the indorsement on the charge sheet." This language has been interpreted broadly to permit even an oral referral. *See United States v. Emerson*, 1 U.S.C.M.A. 43, 1 C.M.R. 43 (1952). In this light, the general court-martial authority's written order of November 14, 1978, clearly satisfied this procedural requirement.

## II

■ The appellant next attacks the qualifications of Lieutenant Commander LeGrand to act as trial counsel at this court-martial. He asserts that Lieutenant Commander LeGrand's pretrial actions amounted to a personal investigation of the offenses which usurped the duties and responsibilities of the investigating officer. *See* Article 32(a) and (b). In particular he alleges that Lieutenant Commander LeGrand requested the Naval Investigative Service to investigate a witness named Kelly; was aware this interrogation was accomplished without advising Kelly of his Article 31, 10 U.S.C. § 831 rights; counseled a witness named Gough on the nature of a perjury charge; and finally, withheld for periods of time, grants of immunity already signed by the convening authority for government witnesses. Accordingly, the defense asserts that as a *de facto* investigating officer, Lieutenant Commander LeGrand was statutorily disqualified to act as trial counsel in this case. Article 27(a), UCMJ, 10 U.S.C. § 827(a).

Paragraph 34*c*, Manual, *supra*, provides that an officer who orders a pretrial investigation may designate counsel to represent the Government. In *United States v. Payne*, 3 M.J. 354, 357 (C.M.A.1977), this Court noted that the government counsel cannot assume the function of assistant or counsel for the investigating officer. However, he "can appear in his role as prosecutor to help establish the validity of the charges and to develop the case for the government." (Footnote omitted.) *See id.* n.15. While this Court will not condone the prosecutorial pretrial conduct of Commander LeGrand, the evidence of record does not support a conclusion that the prohibited relationships described above existed in this case. *See United States v. Schreiber*, 5 U.S.C.M.A. 602, 18 C.M.R. 226 (1955). In any event, a new pretrial investigation with a new pretrial investigating officer was subsequently conducted in this case after defense's objection at trial. No violation of Article 27(a) is perceived under these circumstances.

## III and IV

■ The next two issues granted for review concern alleged errors committed by Lieutenant Commander Runnels at the pretrial investigation on July 31, and August 1, 1978. The appellant asserts that this investigating officer improperly denied his request for a continuance to determine the availability of Lieutenant Kelly to represent him during the investigation. Article 32(b). *See United States v. Courtier*, 20 U.S.C.M.A. 278, 279, 43 C.M.R. 118, 119 (1971). He also asserts that Lieutenant Commander Runnels exceeded his authority as investigating officer when he made a limited inquiry into charges previously investigated by Lieutenant Ackerman.

After hearing these objections at trial, the military judge ordered a new pretrial investigation and staff judge advocate's advice. The military judge made clear on the record of trial that this investigation was to embrace *all* the charges and specifications pending against the appellant. The convening authority ordered this investigation. Lieutenant Schwendiman conducted such

an investigation. At this pretrial investigation the appellant did not renew his request for a continuance to determine the availability of this individual military counsel. In light of the above, no further consideration of the appellant's claims is warranted. Article 59(a), UCMJ, 10 U.S.C. § 859(a).

## V

Finally, the appellant asserts that Lieutenant Schwendiman, who conducted the final pretrial investigation in his case, was not impartial as required by Article 32, or, at least, his conduct in the investigation created the appearance of evil. The basis of these claims is that this investigating officer was forwarded the copies of the previous pretrial investigations of Lieutenant Ackerman and Lieutenant Commander Runnels and was aware of the referral actions previously taken in the case. Such an argument is without substance.

Lieutenant Schwendiman testified at trial that he disclosed to appellant's counsel at the pretrial investigation that he had these reports and was aware of their contents. He admitted that he briefly examined them, determined they were of no value, and gave them no consideration in his own report. He also indicated that he afforded appellant's counsel an opportunity to challenge him at the pretrial investigation on this ground. Finally, he stated there was no challenge. Under these circumstances, the appellant received a thorough and impartial investigation of the charges as required by Article 32. *See United States v. Lopez,* 20 U.S.C.M.A. 76, 77, 42 C.M.R. 268, 269 (1970).

The decision of the United States Navy Court of Military Review is affirmed.

Chief Judge EVERETT and Judge COOK concur.