**UNITED STATES, Appellee,**

v.

**Sergeant John L. BROWN, SSN 279–54–2413, United States Army, Appellant.**

**CM 440667.**

U. S. Army Court of Military Review.

23 June 1982.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Raymond C. Ruppert, JAGC, Major Robert C. Rhodes, JAGC, and Captain Peter R. Huntsman, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, Captain Michael R. Smythers, JAGC, and Captain Richard P. Laverdure, JAGC, were on the pleadings for appellee.

Before MITCHELL, MILLER and LEWIS, Appellate Military Judges.

OPINION OF THE COURT ON FURTHER REVIEW

MITCHELL, Senior Judge:

■ This case is on remand from the United States Court of Military Appeals for initial consideration of two assignments of error not previously raised before this Court. *United States v. Brown,* 13 M.J. 110 (C.M.A.1982). Appellant contends that the trial judge erred: first, by denying a defense challenge for cause against Lieutenant Colonel Martinez, the Deputy Provost Marshal of Fort Bragg, North Carolina, and second, by forbidding the defense counsel to argue during presentencing that the court members might reconsider their findings of guilty. Neither assignment of error has merit. With regard to the latter assigned error, during the sentencing phase of the trial an accused is permitted only to introduce matters in extenuation and mitigation and is not permitted to challenge or relitigate the prior findings of the court. *See United States v. Tobita,* 3 U.S.C.M.A. 267, 12 C.M.R. 23 (1953); *United States v. Teeter,* 12 M.J. 716, 727 (A.C.M.R.1981), *pet granted* 13 M.J. 117 (CMA 1982). Defense counsel should accordingly restrict themselves in argument to those matters that explain the offense and its circumstances. *See generally* paragraph 75c and f, Manual for Courts-Martial, United States, 1969 (Revised edition).

■ With regard to the former assigned error, appellant's challenge to LTC Martinez was based solely upon his position as a senior police official in the command. We conclude the military judge did not abuse his discretion in denying the challenge for cause. At no time during *voir dire* did LTC Martinez express any prejudice or bias that would suggest that he was not mentally or morally free to render an impartial finding and sentence based on the law and the evidence. *United States v. Parker,* 6 U.S.C.

M.A. 274, 284–285, 19 C.M.R. 400, 410–411 (1955); *United States v. Harris*, 11 M.J. 589 (A.F.C.M.R.1981). LTC Martinez's choice of careers in the field of criminal justice does not otherwise give us pause to doubt the honesty or sincerity of his responses to questions during *voir dire*. *United States v. Glaze*, 3 U.S.C.M.A. 168, 11 C.M.R. 168 (1953); *United States v. Stewart*, 2 U.S.C. M.A. 78, 6 C.M.R. 78 (1952); *United States v. Brown*, 1 M.J. 1161 (NCMR 1977). In the absence of any showing that this court member had any particular knowledge of the facts or specific association with any witness in the case, we will not assume bias or prejudice where none is shown.

■ We would be remiss if we did not go on to observe that the appointment of policemen to courts-martial is not generally a good practice and should be avoided where possible. Admittedly, there may be some commands wherein it could be extremely difficult to avoid. It is largely to accommo-date those situations that we do not exercise our supervisory authority to establish any *per se* rules in this area but are content to search for bias or prejudice in individual cases. Similarly, we perceive no design on the part of the convening authority to force the exercise of an accused's preemptory challenge. Were we to be satisfied that such a design did exist, we would not hesitate to reconsider our position.

The findings of guilty and the sentence are again affirmed.

Judge MILLER and Judge LEWIS concur.