UNITED STATES

v.

**Senior Airman Theodore R. KEITH, FR 264–57–0104, United States Air Force.**

**ACM 23996.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 25 April 1983.

Decided 14 March 1984.

Appellate Counsel for the Accused: Colonel George R. Stevens, Colonel Leo L. Sergi, Captain John V. Sullivan, and Mr. James R. Klimaski, 1712 N St., N.W., Washington, D.C.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Captain Kevin L. Daugherty.

Before KASTL, CANELLOS and RAICHLE, Appellate Military Judges.

## DECISION

RAICHLE, Judge:

Pursuant to a pretrial agreement, the accused was found guilty of possession with intent to distribute and distribution of various drugs. He was sentenced to a dishonorable discharge, confinement at hard labor for fifteen years (reduced to ten years by the pretrial agreement), forfeiture of all pay and allowances, and reduction to airman basic.

One of the conditions of the pretrial agreement was that the accused would enter into a stipulation of fact with the trial counsel concerning facts and circumstances. Such a stipulation was accomplished, but the accused now asserts that since the stipulation contained uncharged misconduct and incorporated the accused's confession by reference, and because the confession also contained uncharged misconduct, failure to object to the stipulation amounted to ineffective assistance of counsel and

prejudicial error. We hold that admission of these documents was plain error.

A brief recitation of the facts is necessary. As stated above, the accused was convicted of distribution and possession of various drugs with intent to distribute. The confession which was incorporated into the stipulation mentioned numerous purchases and sales of cocaine, marijuana, lysergic acid diethylamide, and amphetamines, which had not been charged. Additionally, the stipulation itself, in detailing the facts and circumstances surrounding the accused's sale of cocaine, mentioned that the Office of Special Investigations (OSI) informant/buyer told the accused that he had access to a pair of night vision goggles which had been stolen from the base. The stipulation further indicated that the accused said that he was familiar with that type of goggle and knew some terrorist groups and drug smugglers who might be interested in purchasing the goggles. The accused argues that these uncharged sales and his comments regarding the goggles amounted to uncharged misconduct which should not have been admitted into evidence.

At the outset we note that the trial defense counsel did not object to admission of the stipulation and, in fact, affirmatively agreed thereto. Under Mil.R. Evid. 103 error may not be predicated upon a ruling which admits evidence unless it materially prejudices a substantial right of a party and a timely objection is made, unless the admission amounts to plain error. The concomitants of plain error appear to be: 1) that the admission is error; 2) the error is plain or obvious; and 3) the error is substantially prejudicial to the accused or egregious. *See United States v. Bolden*, 16 M.J. 722 (A.F.C.M.R.1983). Accordingly, we must first decide whether admission of these documents was error.

Facts and circumstances surrounding an offense are always admissible, whether or not they fall into the category of uncharged misconduct. This type of evidence often has been termed "res gestae." It includes conduct, or misconduct

not charged, which is admissible because it is so closely intertwined with the offense charged as to be part and parcel of that offense. *See United States v. Montgomery*, 5 M.J. 832 (A.C.M.R.), *pet. denied*, 6 M.J. 89 (1978). Evidence of "res gestae" is always admissible both on the merits and during presentencing proceedings regardless of the plea, subject only to the balancing test prescribed by Mil.R.Evid. 403. We hold that admission of what the accused said about selling the night vision goggles to terrorist groups or drug smugglers was admissible as "res gestae." The comments were made during preliminary negotiations for the cocaine sale and were part of the circumstances surrounding that offense. Thus, it was not error to allow them into evidence during presentencing proceedings.

▉ A different result obtains, however, with regard to the drug sales outlined in the accused's confession. This evidence falls into the category of uncharged misconduct. Evidence of uncharged misconduct is admissible in courts-martial only under limited circumstances. *United States v. King*, 16 M.J. 990 (A.C.M.R.1983). One of these occasions is when the misconduct falls into the category of "res gestae," as previously explained. Another occasion is when it is "uncharged misconduct" in the classic sense, i.e., other crimes, wrongs or acts under Mil.R.Evid. 404(b). *United States v. Thomas*, 11 M.J. 388 (C.M.A. 1981). This type of evidence is only admissible on the merits in a contested case to prove motive, opportunity, intent, etc. Once properly admitted on the merits, however, it may be considered in determining an appropriate sentence. It is never admissible during presentencing proceedings in a case in which the accused has pled guilty since guilt has already been established and admission of this type evidence could be for no purpose except to show that the accused is a bad person. *United States v. Black*, 16 M.J. 507 (A.F.C.M.R.), *pet. denied*, 17 M.J. 95 (1983).

At the time evidence of uncharged drug sales was admitted, the accused had already pled guilty. There was no requirement for the government to prove anything further; nor was the uncharged misconduct part of the facts and circumstances surrounding the charged offenses. Thus, there was no cogent reason for this evidence of uncharged misconduct to be admitted except to show that the accused was a bad person and thereby increase the sentence adjudged. Accordingly, this was error.

Under the facts and circumstances of this case, we find that this error was both obvious and significant. The accused was convicted of eight specifications of possession with intent to distribute and distribution of various drugs. However, the confession which was incorporated into the stipulation of fact recited that the accused had also used the same drugs for the past three years. Furthermore, although charged with distributing cocaine on only two occasions, the confession recited that the accused had sold cocaine on 30 to 35 occasions. Under these circumstances we find that admission of the confession was plain error. Accordingly, the sentence must be set aside.

In this regard and in the interests of ever higher standards of professionalism, we counsel trial participants to be circumspect in deciding what available evidence should be offered or admitted. This case presents a classic example of prosecutorial overkill. The accused pled guilty to all specifications charged; these involved possession and distribution of four different drugs. However, instead of allowing these offenses to stand on their own, trial counsel insisted on presenting evidence of other patently inadmissible offenses as a precondition to acceptance of the pretrial agreement. We find that such conduct skirts the bounds of propriety and is inappropriate. We suggest it not reoccur.*

---

* If faced with this dilemma, we recommend that trial defense counsel enter into the stipulation of fact, if true, and raise the issue of any inad-missible matters contained therein at trial for resolution by the military judge on the record.

We have considered the remaining assigned errors and have resolved them adversely to the accused. The findings of guilty are affirmed; the sentence is set aside. A rehearing may be ordered.

KASTL, Senior Judge, and CANELLOS, Judge, concur.

*See United States v. Sharper,* 17 M.J. 803 (A.C.M. R.1984).