DECISION
HODGSON, Chief Judge:
Pursuant to his pleas the accused was convicted of two allegations of committing indecent acts with a child under 16 years of age. He was sentenced to a dishonorable discharge, seven years confinement at hard labor, and reduction to airman basic.
Initially, appellate defense counsel contend that the trial judge incorrectly instructed the members concerning forfeitures and punitive discharges. With respect to the latter he stated:
A dishonorable or bad conduct discharge deprives one of substantially all benefits administered by the Veterans Administration and the Air Force establishment. A dishonorable discharge should be reserved for those who, in the opinion of the court, should be separated under conditions of dishonor after conviction of offenses usually recognized by civil law as felonies, or of offenses of a military nature warranting such severe punishment ... (Emphasis added).
The challenged instruction is essentially that contained in the pattern instruction guide but modified to include the term “felonies.” See Department of the Army Pamphlet 27-9 (May 1982), Military Judges’ Benchbook, paragraph 2-37. Appellate counsel, while urging that the trial judge erred in failing to define the term “felony,” does not identify any prejudice resulting from this omission. We agree that once the judge used the term “felony” in his instructions he was obliged to inform the members of its meaning, and his failure to do so was error. A felony, of course, is a crime of a greater or more serious nature than those designated as misdemeanors and under federal law is any offense punishable by death or imprisonment for a term exceeding one year. Black’s Law Dictionary 555 (1979); see generally United States v. Maclin, 27 C.M.R. 590 (A.B.R. 1958). However, we discern no prejudice and are convinced that this lapse by the trial judge had absolutely no impact on the sentence.
Subsequently, in response to questions from court members, the judge incorrectly informed them that the accused would receive his pay and allowances while in confinement less the amount, if any, to be forfeited, and implied that the accused would maintain his rank and would not be discharged until the confinement was served. This advice was wrong in that a discharge may be executed once appellate review is completed and the accused’s military pay would be terminated upon the expiration of his enlistment or when the punitive discharge is ordered executed. See Article 71(c), U.C.M.J.
The convening authority recognized that the trial judge erred in his instructions and sought to cure the error by ordering a proceeding in revision. See Article 63, Code, supra. At trial and on appeal the accused urges that this procedure cannot be used to correct erroneous instructions previously given by the trial judge. There is merit in this position. The purpose of a revision proceeding is to correct unintended omissions, to clarify ambiguities and to correct improper or illegal sentence announcements. Correcting a flawed instruction is not an error or omission in the record but a substantive error in the trial that cannot be cured by proceedings in revision. United States v. Roman, 22 U.S.C.M.A. 78, 46 C.M.R. 78 (1972). Since no forfeitures were adjudged and the accused was reduced to the lowest enlisted rank, the instructional error was not, under the circumstances of this case, prejudicial to the rights of the accused. See United States v. Staruska, 4 M.J. 639 (A.F.C.M.R.1977).
There is, however, one aspect of this trial that requires corrective action. Over objection by trial defense counsel, the trial judge submitted to the members a stipulation of fact setting forth the circumstances *357 surrounding the offenses to which the accused had pled guilty and which contained references to offenses of a similar nature that the accused had committed with other children. The accused contends this was error as his guilt had already been established and the reference to these other offenses had no purpose except to show he was a “bad man.” Appellate government counsel argue that the military judge was correct in admitting the stipulation as offered by the prosecutor as the facts it contained proved intent, plan, design, etc. See Mil.R.Evid. 404(b). This argument would be better received if this were a contested case. We held in United States v. Keith, 17 M.J. 1078 (A.F.C.M.R.1984) that where a guilty plea has been accepted evidence of this type is never admissible as it has no purpose other than to show the accused is a bad person. Appellate defense counsel ask that a rehearing on sentence be ordered as this uncharged misconduct had a “devastating impact” which resulted in the severe sentence the accused received.
In all likelihood the inadmissible evidence was weighed by the members when they adjudged a sentence, but the offenses to which the accused pled guilty are themselves debasing and repugnant to any community.
The circumstances of each trial dictate whether the error under review requires a rehearing on sentence or the alternative remedy of reassessing the sentence. United States v. Milton, 34 C.M.R. 964 (A.F.B.R.1964), pet. denied 35 C.M.R. 478 (1964). Considering all the factors present, we are of the opinion that the interests of justice may be best served by our reassessment of the sentence.
In light of the error discussed, the offenses affirmed, the trial transcript, and the accused’s disciplinary history, we find appropriate only so much of the sentence as provides for a dishonorable discharge, confinement at hard labor for five years, and reduction to airman basic. The findings of guilty and the sentence, as modified, are
AFFIRMED.
FORAY, Senior Judge, concurs.
O’HAIR, Judge, absent.