UNITED STATES

v.

Airman First Class Otis T. HAWKS, FR 349–58–3626, United States Air Force.

ACM 24404.

U.S. Air Force Court of Military Review.

Sentence Adjudged 6 Dec. 1983.

Decided 6 Dec. 1984.

Appellate Counsel for the Accused: Colonel Leo L. Sergi and Major Kathleen G. O'Reilly.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Lieutenant Colonel Donal F. Hartman, Jr.

Before HODGSON, FORAY and MURDOCK, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

█ It is a well-established principle of military jurisprudence that the only appropriate source of law applicable to any case is the military judge and that the court members may not look to outside sources, including the Manual for Courts-Martial, for guidance or instruction. This rule arose because "[a] treatise on the law in the hands of a non-lawyer creates a situation which is fraught with potential harm, especially when one's life and liberty hang in the balance." *United States v. Rinehart*, 8 U.S.C.M.A. 402, 407, 24 C.M.R. 212, 217 (1957).

The trial judge in the case *sub judice* was well aware of this fundamental rule, for once the trial began he immediately stated:

> Members of the court, at this time it is appropriate that I give you some preliminary instructions. It is my duty to assure that this trial is conducted in a fair and orderly manner. I rule upon objections and instruct you on the law applicable to the case. You are required to follow my instructions on the law. *You may not consult any other source as to the law pertaining to the case unless it is admitted into evidence. This rule applies throughout the trial and including closed session and in periods of* recess or adjournment. Any questions you may have should be asked in open court. [Emphasis added].

See Department of the Army Pamphlet 27–9 (May 1982), Military Judges' Benchbook, para. 2–24.

In light of this clear and unequivocal guidance, it is most disturbing to accept that the president of the court, a senior officer, obtained, during a recess, a Manual for Courts-Martial, and gave it to a second court member. Apparently, the president did not open the Manual but was content to pass it along to the individual who asked for it. At this point in the trial the appellant had been arraigned, had pled not guilty and evidence had been taken, primarily from the prosecutrix, on allegations of rape and sodomy.[1] The member who consulted the Manual stated that the testimony thus far had left him uncertain as to how the victim's consent or lack thereof related to the offenses charged—he wanted a definition of rape. To this end he read portions of pages 28–47 and 28–75 of the Manual for Courts-Martial, which discuss rape and carnal knowledge and assault with intent to commit rape. He indicated he did not read all of what was on the pages and was not sure he understood what he did read. He averred he would be able to disregard what he had read in the Manual and would adhere to the judge's instructions as to the law.

Trial defense counsel challenged this member, stating they did not doubt his sincerity and knew he would do the best he could to disregard what he had read. They, nevertheless, urged that the "subconscious factor" of his prior inquiry into the law of rape would risk a "possible tainting" of the other members—an excusal of the member would avoid that possibility.

The prosecution, with more fervor than logic, argued that even committing the "entire Manual for Courts-Martial to memory"

---

1. The appellant was convicted of rape and acquitted of sodomy. The approved sentence extends to a bad conduct discharge, suspended until 1 August 1985, confinement at hard labor for one year, total forfeitures and reduction to airman basic.

would not disqualify a member if the challenged member could follow the law as instructed. Subsequently, the challenge was denied. Trial counsel's argument would be better accepted had not the challenged member demonstrated an earlier inability to take heed of the trial judge's instructions.

There is no question but the member's reading of the Manual was improper. This Court's view of such an occurrence was announced in *United States v. Bryant*, 29 C.M.R. 814, 818 (A.F.B.R.1960) where we stated:

> [U]nder no circumstances during the course of a trial ... should ... [a] ... member of the court be permitted to have a Manual, open or closed, for however brief a period or whatever purpose, during open or closed session. [Emphasis in original].

We then tested the proceedings in that case for prejudice and found none because the member who read the Manual *was removed* from the court before he had any opportunity to transfer any information improperly learned to the other members.

■ Having concluded that the challenged member obtained guidance from a source other than the trial judge, we now address the issue of whether the challenge for cause against him should have been granted.

■ We recognize that challenges for cause can test the mettle of the most experienced and conscientious judge, as he must weigh competing principles and make a ruling quickly and without the time for reflection that appellate courts are given—the task is not easy. On one hand he is admonished to be liberal in passing on challenges, *United States v. Mason*, 16 M.J. 455, 457 (C.M.A.1983) (Everett, C.J., dissenting), and on the other hand reminded that the moving party has the burden of proof to establish the contention of bias as fact, not speculation. *United States v. Dawdy*, 17 M.J. 523 (A.F.C.M.R.1983).[2] He is also urged to

insure that his ruling on the challenge does not give rise to a "perception of unfairness which reasonable men would draw from a given member remaining on the court." *United States v. Harris*, 13 M.J. 288 (C.M.A.1982); *United States v. Dawdy, supra.* It is because of the many factors he must consider, that his ruling denying a challenge for cause will be reversed on appeal only if there is a clear abuse of discretion. *United States v. Mason, supra; United States v. Boyd*, 7 M.J. 282 (C.M.A.1979); *United States v. Deain*, 5 U.S.C.M.A. 44, 17 C.M.R. (1954). The test for an "abuse of discretion" is the failure to exercise discretion or its exercise on grounds that are untenable. *State v. LaGoy*, 136 Vt. 39, 383 A.2d 604 (1978). It does not imply a bad motive or the willful disregard of an accused's rights, but can be the failure to apply the principles of law applicable to the situation at hand.

Our decision today does not create a *per se* rule that exposure to law treatises or other learned works outside the courtroom require an excusal of the member so exposed. Our holding today is limited to the facts before us, which establish that the challenged member made use of the Manual for Courts-Martial to inquire into the law of rape rather than ask the trial judge for guidance as he was instructed. This use of the Manual was improper and contrary to law. True, the member was contrite for his actions and indicated he would follow completely any future instructions of the military judge. Of course, the credence to be given such a statement is measurably lessened by the member's clear failure to follow earlier instructions. Under such facts we find that the trial judge erred in not granting the challenge for cause. *See United States v. Swagger*, 16 M.J. 759 (A.C.M.R.1983); *cf. United States v. Carfang*, 19 M.J. 739 (A.F.C.M.R.1984) (no abuse of discretion in denying challenge against a court member who was the deputy base commander).

**2.** We strongly urge our brethren on the trial bench to read *Dawdy* for the guidance it contains.

The findings of guilty and the sentence are set aside. A rehearing may be ordered.

FORAY, Senior Judge, and MURDOCK, Judge, concur.

