## UNITED STATES

v.

**Airman First Class Mark S. CARFANG, FR 207–50–7669, United States Air Force.**

**ACM 24486.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 5 June 1984.

Decided 6 Dec. 1984.

Appellate Counsel for the Accused: Colonel Leo L. Sergi and Major Conrad C. Baldwin, Jr.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, Colonel Andrew J. Adams, Jr., and Major Kevin L. Daugherty.

Before HODGSON, FORAY and MURDOCK, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

Pursuant to his pleas the appellant was convicted of multiple drug abuse allegations involving marijuana and lysergic acid diethylamide (LSD). A pretrial agreement limited the approved sentence to a dishonorable discharge, confinement at hard labor for five years, total forfeitures, payment of a $2,500.00 fine to the United States, and reduction to airman basic. Appellate defense counsel argue that the military judge erred by admitting evidence which contained uncharged misconduct and which served no evidentiary purpose since the case was a guilty plea. They also contend that prejudicial error occurred when the military judge failed to sustain a challenge for cause against a court member who was the deputy base commander. Finding no error, we affirm.

I

■ As a part of its presentation to inform the members of the circumstances surrounding the offenses to which the appellant pled guilty, the prosecution offered a recording, together with a written transcript, of a conversation between the appellant, a government informant and an undercover law enforcement agent. See Air Force Regulation 111–1 (7 Dec 83), Military

Justice Guide, paragraph 4–7. This discussion, which focused on the appellant's drug activities, produced the following dialogue:

LOVELAND: What can you get me, you know—if I got a customer with an order, can you guys fill it?

[ACC]: Yeah, what's the order?

LOVELAND: I got one guy that likes coke. Does he do coke?

[ACC]: I've never even asked him.

LOVELAND: What? Do you just get grass and acid?

[ACC]: Just grass and acid. I get my speed off someone else.

LOVELAND: You got good speed?

[ACC]: Mollies, Black Mollies. Big ones. Give you one to check out when I get back home if you want.

\* \* \* \* \* \*

[ACC]: You want me to grab one of those Mollies for you?

LOVELAND: Yeah, would you, man?

The expressions "coke," "grass," "acid" and "speed" are street terms used to identify cocaine, marijuana, LSD and methamphetamine, respectively. *United States v. Young*, 12 M.J. 991, 992 (A.F.C.M.R.1982); The Random House College Dictionary 262, 575 and 1263 (1980). Appellate defense counsel maintain that the admission into evidence of this reference to "speed" and to their client's apparent use of LSD mentioned elsewhere in the transcript was for the sole purpose of "arousing the lay court members to assess a more severe sentence" by painting the appellant as a "bad man."

In *United States v. Keith*, 17 M.J. 1078 (A.F.C.M.R.1984) we stated that evidence of uncharged misconduct which is so closely intertwined with the offense charged as to be part and parcel of the entire chain of events is admissible as "res gestae." The comments that appellate counsel now challenge were made during the appellant's negotiations for the drug involvement under appeal and as such were part of the circumstances surrounding those proceedings. In *United States v. Silva*, 19 M.J. 501 (A.F.C.M.R.1984), we held it error for a stipulation of fact in a guilty plea to contain references of uncharged sexual abuse by the accused with other children. This holding was in accord with our decision in *United States v. Keith, supra,* stating that inclusion in a stipulation of fact of 30–35 cocaine sales not charged, as a condition precedent to the acceptance of a pretrial agreement, was error. In *Silva* and *Keith, supra,* the uncharged misconduct was not intertwined with the offense charged so as to be part of the "res gestae," but constituted separate offenses having no clear connection with the crime charged. On this basis, *Silva* and *Keith* are distinguishable on their facts from the case at hand. Accordingly, the trial judge did not err in admitting the challenged conversation. *Accord United States v. Stokes*, 12 M.J. 229 (C.M.A.1982); *United States v. Thomas*, 11 M.J. 388 (C.M.A.1981).

## II

■ The remaining assigned error touches upon the refusal of the trial judge to excuse a court member who occupied a "command position" as Deputy Base Commander. This individual, while conceding that he occasionally became the base commander in the latter's absence and would receive briefings concerning drug cases, stated he had no knowledge of the case before him. The *voir dire* examination by both counsel on this point was short and rather perfunctory. Appellate defense argue that the member's status alone was sufficient to justify a challenge for cause. *See generally United States v. Swagger*, 16 M.J. 759 (A.C.M.R.1983). In essence the appellant urges that we adopt a *per se* rule precluding persons occupying a "command position" sitting as court members.

We decline this invitation for to do so would prevent highly qualified individuals i.e., squadron commanders, squadron section commanders and those occupying equivalent positions of responsibility from performing this important duty. U.C.M.J. 25(d)(2). We agree, of course, that the appointment of policemen is not a good practice and should be avoided where at all

possible, *United States v. Brown,* 13 M.J. 890 (A.C.M.R.1982), but that is not the situation before us. The proper test, in our view, is to review each case for bias or prejudice. *United States v. Swagger, supra.*

In *United States v. Dawdy,* 17 M.J. 523 (A.F.C.M.R.1983), Senior Judge Kastl wrote at length on the subject under review. We commend the reading of that decision by the bench and bar to assist them in understanding the competing principles to be applied when faced with a challenge for cause. Our application of these principles to the facts at hand convinces us that the trial judge did not abuse his discretion by refusing to excuse the challenged member. This assignment of error is resolved adversely to the appellant.

For the reasons stated the findings of guilty and the sentence are

AFFIRMED.

FORAY, Senior Judge, and MURDOCK, Judge, concur.