**UNITED STATES**

**v.**

**Airman Basic Steven G. PAZDERNIK, FR 494–68–8069, United States Air Force.**

**ACM 25137.**

U.S. Air Force Court of Military Review.

14 May 1986.

Appellate Counsel for the Accused: Colonel Leo L. Sergi and Captain Timothy J. Malloy.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Lieutenant Colonel Donal F. Hartman, Jr.

Before HODGSON, FORAY and MICHALSKI, Appellate Military Judges.

**DECISION**

HODGSON, Chief Judge:

In October 1985, the appellant was convicted by special court-martial of two allegations of wrongfully communicating a threat.[1] In December 1985, while the appeal from the first trial was pending, the appellant was convicted in a second trial of

---

**1.** The sentence was a bad conduct discharge and lesser ancillary punishments.

drug abuse involving cocaine and making a false official statement. This time he was sentenced to a bad conduct discharge, confinement for 26 months and the forfeiture of $420.00 per month for 26 months. Subsequently, we set aside the appellant's first conviction because of a jurisdictional defect. *United States v. Pazdernik*, 22 M.J. 503 (A.F.C.M.R.1986).[2]

Appellate defense counsel suggest that our overturning of their client's first trial impacts on the "special court-martial convening authority's" ability to direct a pretrial investigation in the proceedings under review. See Article 32, U.C. M.J., 10 U.S.C. § 832; R.C.M. 405. We see no basis for this conclusion for under the express provisions of Article 32(b) of the Code, a failure to comply with, or even a substantial departure from, the requirements of the pretrial hearing does not deprive a general court-martial of jurisdiction. *United States v. Nichols*, 8 U.S.C. M.A. 119, 23 C.M.R. 343 (1957); *United States v. Johnson*, 7 M.J. 396 (C.M.A.1979). The purpose of a pretrial investigation is to insure that an accused receives a thorough and impartial investigation of the charges against him. *United States v. Clark*, 11 M.J. 179 (C.M.A.1981). The claim before us is not that the appellant was denied military due process,[3] but that the appointment of the investigating officer was irregular. While this is no longer in dispute through our holding in *Pazdernik I, supra,* we see no prejudice to the appellant resulting from the convening authority's disqualification as a matter of law. *United States v. Ridley*, 22 M.J. 43 (C.M.A.1986); *see also United States v. Allen*, 5 U.S.C.M.A. 626, 18 C.M.R. (1955). The appellant was provided every right mandated by the Code.

Additionally, the appellant argues that it was error for the trial judge to admit during the sentencing phase of the trial evidence of an earlier conviction that was later overturned on appeal. Paragraph 75(b)(3), Manual for Courts-Martial, 1969 (Rev. ed.), required that a finding of guilty must complete appellate review before it was admissible during sentencing. That condition of admissibility was removed by R.C.M. 1001(b)(3)(A), M.C.M. 1984, which now states:

> (3) *Evidence of Prior Convictions of the Accused.*
>
> (A) *In General.* The trial counsel may introduce evidence of military or civilian conviction of the accused. For purposes of this rule, there is a "conviction" in a court-martial case when a sentence has been adjudged.

The analysis to R.C.M. 1001(b)(3)(A) makes it clear that the drafters of the current Manual for Courts-Martial meant to eliminate the former restriction that a prior conviction must be final, i.e., appellate review completed before it is admissible in evidence. *See United States v. Allen*, 21 M.J. 507 (A.F.C.M.R.1985). Left unanswered, however, is the situation before us where the earlier conviction is later overturned on appeal.

The issue to be resolved is one of first impression within the military appellate system. The federal procedure on sentencing is contained in Federal Rules of Criminal Procedure 32, which identifies the presentencing report as the basic document to be used in the sentencing process. The rules permit enhancement of sentences through reliance on prior convictions if they are not constitutionally defective. *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). While the appellant's first conviction was not "constitutionally defective" in the manner the Supreme Court found objectionable in *Tucker*, i.e., an accused was denied counsel at trial,

---

2. In that opinion we held that the commander who convened the special court-martial was not empowered to do so.

3. Any Code violation that materially prejudices the substantial rights of an accused constitutes a lack of military due process. *United States v. Gibbs*, 18 C.M.R. 379 (N.B.R.1954); *see also*

*United States v. Clay*, 1 U.S.C.M.A. 79, 1 C.M.R. 79 (1951). An irregularity in the appointment of the investigating officer does not create a lack of due process—all of the substantial protections afforded by Article 32 of the Code were met.

we determined it to be a nullity on jurisdictional grounds.

In a situation analogous to the one before us, the New Mexico Court of Appeals held that a conviction is final pending appeal regardless of what the outcome of the appeal might be. This is similar to the military's position stated in R.C.M. 1001(b)(3)(A). However, that court went on to say that should the challenged conviction be affirmed on appeal the enhanced sentence would stand; but in the event of a reversal the sentence would be vacated. *See State v. Lujan*, 90 N.M. 778, 568 P.2d 614 (1977).

It appears to us that logic and fairness to the appellant dictate that we review the appropriateness of the sentence without reference to the earlier conviction. Article 66(c), *Code*, 10 U.S.C. § 866(c), *supra*. The appellant was sentenced by the trial judge who recognized "the uncertainty of ... appellate review proceedings," but stated that the appellant's current conviction "standing alone ... warrants no less than a bad conduct discharge, notwithstanding the earlier [conviction]." It is apparent therefore that the earlier conviction had no impact on his decision to adjudge a punitive discharge. *See generally Brown v. United States*, 610 F.2d 672 (9th Cir.1980). Weighing the offenses of which the appellant was convicted, the record of trial excluding the prior conviction, we find appropriate only so much of the sentence as provides for a bad conduct discharge, confinement for 15 months and the forfeiture of $420.00 per month for 15 months. The findings of guilty and the sentence, as modified, are

AFFIRMED.

FORAY, Senior Judge and MICHALSKI, Judge concur.