512

**UNITED STATES**

v.

**Captain Emanuel G. PAIGE,**
**155–38–0664 FV United**
**States Air Force.**

**ACM 25146.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 18 Oct. 1985.

Decided 18 Sept. 1986.

Appellate Counsel for the Appellant: Mr. Robert S. Rivkin, San Francisco, California 94109. Colonel Leo L. Sergi and Captain Charles L. Wille.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, Colonel Andrew J. Adams, Jr. and Major David F. Barton.

Before HODGSON, FORAY and MICHALSKI, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

Pursuant to a pretrial agreement the appellant was convicted of adultery and sentenced to a dismissal. His appeal centers on claimed irregularities in the pretrial investigation and the failure of the trial judge to sustain a challenge for cause against a court member during the sentencing portion of the trial. We affirm the conviction, but are obliged to order a rehearing on sentencing for reasons later discussed in this opinion.

### I

During the sentencing phase of the trial, appellant's counsel offered the stipulated testimony of the Chief of Security Police at Torrejon Air Base. The preface to the stipulation indicated that the witness was unavailable to testify because his presence was required on a "classified mission." The witness, whose testimony was stipulated, then stated that "he [was] aware of the circumstances of this case and the charge [the appellant] has pled guilty to. If called to testify [the witness] would nevertheless state [the appellant] should be retained."

After this testimony was read a court member told the judge that it was in "error." A questioning of this member out of the presence of the others, disclosed that the witness's absence was not due to a "classified mission," but to a routine trip involving a base football team. It is clear from the record that the parties to the

stipulation were misled as to the reason the witness was unavailable.

The trial defense counsel, concerned that the court member who questioned the basis for the witness's unavailability might think he was off on a "frolic of his own," challenged the member for the cause. The trial counsel opposed the challenge and military judge then stated:

MJ: Well, Captain [P], you're the Government's representative. If the Government is willing to risk what it's risking, I will deny the challenge for the cause.

In oral argument before us appellate government counsel concede that the trial judge's language in denying the challenge was "unfortunate" and "poorly chosen," but urged that his ruling was within the broad discretion given judges in deciding challenges for cause.

■ Ruling on challenges for cause is a difficult task for even the most sagacious trial judge. He is expected to be liberal in ruling on challenges while requiring the moving party to establish the contention of bias as fact, not supposition. *United States v. Hawks*, 19 M.J. 736 (A.F.C.M.R. 1984). We stated in *Hawks* that, "It is because the many factors [the judge] must consider, that his ruling denying a challenge for cause will be reversed on appeal only if there is a clear abuse of discretion." An abuse of discretion exists when the trial judge bases his ruling denying a challenge for cause on grounds that are manifestly incorrect.

■ Clearly, the standard to be applied in the situation at hand is whether the challenged member can remain impartial and fair in adjudging a sentence in light of his personal knowledge of why the witness, whose stipulation was offered, was unavailable to testify. *See United States v. Mason*, 16 M.J. 455 (C.M.A.1983). The willingness of the government to accept the possibility of a reversal based on the trial judge's ruling denying the challenge is not an acceptable criteria. Accordingly, we hold the judge's standard for denying the challenge was incorrect as a matter of law.

Thus his action constituted a clear abuse of discretion. *United States v. Hawks, supra*. We need not decide the merits of this challenge based on the proper standard.

## II

■ The appellant next argues that the officer who ordered the pretrial investigation was improperly in command and therefore a jurisdictional defect existed in the general court-martial proceedings. We considered this same argument in *United States v. Pazdernik*, 22 M.J. 690 (A.F.C.M.R.1986). In rejecting this assertion we observed there that the express provisions of Article 32(b), 10 U.S.C. § 832(b), of the Code state that a failure to comply with or a substantial departure from the requirements of a pretrial hearing does not deprive a general court-martial of jurisdiction. *United States v. Pazdernik, supra*, and cases cited therein. Here, as in *Pazdernik*, the claim is not that the appellant was denied due process, but that the appointment of the investigating officer was irregular. Further, since the claimed defect is neither jurisdictional nor a deprivation of due process, the appellant's guilty plea waived any assertion of error on appeal. *United States v. Rehorn*, 9 U.S.C.M.A 487, 26 C.M.R. 267 (1958).

## III

We have examined the remaining assigned errors and resolve them adversely to the appellant. R.C.M. 1106(b); *see generally United States v. Choice*, 23 U.S.C.M.A. 329, 49 C.M.R. 663 (1975).

## IV

The findings of guilty are affirmed. For the reasons stated, the sentence is set aside. A rehearing on sentence may be ordered.

Senior Judge FORAY and Judge MICHALSKI concur.