UNITED STATES

v.

**Airman First Class Jose A. CHAN, FR 415–47–5339, United States Air Force.**

**ACM 28066.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 27 July 1989.

Decided 24 May 1990.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair; Major George P. Clark and Lieutenant Colonel Michael Sofocleous, USAFR.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Colonel Robert E.

Giovagnoni, Major Terry M. Petrie and Captain Leonard R. Rippey.

Before HODGSON, SPILLMAN and PRATT, Appellate Military Judges.

### DECISION

HODGSON, Chief Judge:

*Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), holds that an accused has the right to be tried by a jury from which no "cognizable racial group" has been excluded. A military accused is entitled to the same equal protection under the Fifth Amendment as a part of military due process. *United States v. Santiago–Davila*, 26 M.J. 380 (C.M.A. 1988). Here, as in *Batson* and *Santiago–Davila*, the issue is whether the trial judge erred in granting a government peremptory challenge for the purpose of excluding a "cognizable racial group."

The appellant is an Hispanic and the prosecution appears to have peremptorily challenged the only Hispanic court member. The record establishes the following exchange between the trial judge and counsel for both sides:

MJ: Any peremptories by the government?

TC: Captain Loya.

MJ: All right. Defense?

ADC: Based on *Batson* and *Santiago–Davila*, we ask that the trial counsel be asked to enunciate his grounds for exercising his peremptory against Captain Loya.

MJ: Sounds reasonable.

TC: No particular reason. I don't believe he is a junior one, he may be the second junior one. We just exercised the challenge. I have no particular reason why I exercised the challenge other than I felt that the rest of the members had the requisite age and experience to sit on the panel.

MJ: Does the defense have a peremptory?

DC: Let me have a moment, your Honor. Yes, sir. Colonel Stanley.

ADC: Sir, excuse me. Are you going to excuse Captain Loya?

MJ: Yes.

ADC: I don't—maybe we can discuss it but I don't believe that [the trial counsel's] explanation satisfies the requirements of *Batson* or *Santiago–Davila*. He articulated no reason, I guess for the preempt.

MJ: *That is basically what a peremptory is, no reason.*

TC: I can tell you one thing for sure. I notice that Captain Loya is just a little darker than the rest, has an olive complexion. It has nothing to do with race whatsoever at all, one hundred percent absolutely not, if that's what you are getting at.

MJ: I'll allow the challenge. Okay, let's bring the members back in.

(Emphasis added).

In a post-trial affidavit, the trial counsel vigorously denied that his peremptory challenge was racially motivated. He stated he "did not even realize that the subject [Captain Jose Loya] of my peremptory challenge was a minority until well after the defense counsel objected." He reiterated that Captain Loya was peremptorily challenged because he was the junior member and lacked the necessary age and experience.[*]

We find the trial counsel's explanation of why he exercised his peremptory challenge against Captain Loya falls short of the standard announced in *Batson* and *Santiago–Davila*. Taken in its entirety, the trial counsel's explanation amounted to no explanation at all. While his responses at trial and his later affidavit contained "no indices of racial motivation" for the peremptory challenge, neither did they contain

---

[*] In his concurring opinion in *United States v. Santiago–Davila, supra*, Judge Cox suggested that a trial counsel should give the convening authority credit for having "wisely selected" members who meet the statutory requirement. *See* Article 25(d)(2), UCMJ, 10 U.S.C. § 825(d)(2). He also indicated that the government's peremptory challenge should be used sparingly, and then only when the challenge for cause has been denied. *See also United States v. Moore*, 26 M.J. 692 (A.C.M.R.1988), *remanded* 28 M.J. 366 (C.M.A.1989).

a compelling justification for the challenge. *See United States v. Moore*, 28 M.J. 366, 368 n. 6 (C.M.A.1989). Further, under *Batson, Santiago–Davila* and *Moore*, the trial judge must also be convinced that the explanation was racially neutral. Here, the trial judge erroneously concluded that the prosecution did not have to give a "reason" to use its peremptory challenge. He was wrong, and his refusal to require further explanation from the trial counsel before permitting the peremptory challenge is in contradiction of the principle announced in *Batson* and *Santiago–Davila.* Accordingly, he abused his discretion by refusing to disallow the peremptory challenge. *United States v. Moore, supra; see generally United States v. Paige*, 23 M.J. 512 (A.F.C. M.R.1986). The remaining assigned error is resolved against the appellant. Article 66(c), UCMJ, 10 U.S.C. § 866(c). The findings of guilty and the sentence are set aside. A rehearing may be ordered.

Judges SPILLMAN and PRATT concur.