DECISION
FORAY, Senior Judge:
The accused was convicted by a special court-martial, pursuant to his pleas, of wrongful use and possession of marihuana. He was sentenced to a bad conduct discharge, confinement at hard labor for six months, to forfeit $200.00 per month for six months, and to be reduced to the grade of airman basic.
The first of two errors assigned on appeal attacks the jurisdiction of the court-martial which tried and convicted the accused thusly:
THE COURT WHICH TRIED THE ACCUSED WAS WITHOUT JURISDICTION TO SIT, AS IT WAS NOT CONVENED BY AN OFFICER AUTHORIZED TO CONVENE COURTS-MARTIAL.
The factual environment for this claim of error follows. The charges in this case were referred to trial on 20 April 1984, by the Commander, 833d Combat Support Group,[1]
[2]Holloman Air Force Base. The incumbent group commander at that time was Lieutenant Colonel A, who had been appointed as such on 6 April 1984 by the Commander, 833d Air Division, Holloman Air Force Base. The special order announcing the appointment read:
By direction of the President, LT COL [A], ..., is appointed Commander, 833d Combat Support Group, effective 6 April 1984, during the temporary absence of COL [N], ..., effective 6 April 1984. Authority AFR 35-54.
*528 The ostensible reason for the change of command was the temporary duty of Colonel N to Puerto Rico from 6 April to 10 May 1984 to participate in the 1984 exercise “Ocean Venture.” It is claimed in this appeal that the “assumption of command”, as accomplished, was improper, therefore, Lieutenant Colonel A was not a commander authorized to convene special courts-martial. It appears that the reasons for appellant’s contention are that Lieutenant Colonel A was not the next senior officer present for duty within the command and Colonel N was not a commander absent in a nonduty status. These prerequisites, appellant claims, are necessary for an “assumption of command” pursuant to A.F.R. 35-54, paragraph 18.[2] That paragraph provides, in pertinent part, that:
In the event of death, prolonged disability, or absence of the commander in a nonduty status, the next senior officer present for duty within the organization or unit and eligible, according to this regulation, will assume command until relieved by proper authority.
Documents submitted by appellate defense counsel indicate that Lieutenant Colonel A was, in fact, not the senior officer present for duty within the 833d Combat Support Group and that Colonel N was absent in a duty status.[3] Under those circumstances, Lieutenant Colonel A could not have properly assumed command in the absence of Colonel N under the provisions of A.F.R. 35-54, paragraph 18. Here, however, we find that Lieutenant Colonel A assumed command of the 833d Combat Support Group as a result of being assigned by competent authority under the provisions of A.F.R. 35-54, paragraph 10a, and not under paragraph 18. Pursuant to paragraph 10a, the Commander, 833d Air Division, acted pursuant to a delegation of authority granted by the Secretary of the Air Force, acting for the President, when assigning Lieutenant Colonel A to command. An authority acting under the provisions of paragraph 10a may assign an officer to a command without regard to seniority in rank.[4] When the special order was published announcing the appointment of Lieutenant Colonel A to command, it automatically voided the appointment of the former commander on the effective date of the order. A.F.R. 10-7, paragraph 2-2.
The requisites upon which the jurisdiction of a court-martial is conditioned are set forth in M.C.M., 1969 (Rev.Ed.), paragraph 8. One of the requisites is that the court-martial be convened by an official empowered to convene it. Here, Lieutenant Colonel A was properly appointed to assume command of the 833d Combat Support Group and, as commander, was empowered to convene special courts-martial. Thus, we find the court-martial that tried and convicted the accused had jurisdiction to do so. United States v. Kugima, 16 U.S.C. M.A. 183, 36 C.M.R. 339 (1966); U.C.M.J., Article 23(a)(4); A.F.R. 35-54, paragraph 10a.
Appellant’s next claim of error is that if Lieutenant Colonel A was the convening authority, that:
THE CHARGES WERE IMPROPERLY REFERRED TO THE COURT AS THE REFERRAL INDORSEMENT WAS NOT SIGNED BY AN OFFICER AUTHORIZED TO SIGN REFERRAL INDORSEMENTS IN ACCORDANCE WITH AIR FORCE REGULATION 111-1, PARAGRAPH 3-9.
The pertinent part of the regulation[5] claimed to be violated states:
The endorsement referring charges for trial must be signed by the convening authority or be by the convening authority’s order____ The staff judge advocate may, however, sign for or by the di *675 rection of the convening authority, if authorized to do so. In such a case, show by use of the authority line, that the order of referral is that of the convening authority.
Here, the endorsement referring the charges to trial was not signed by the convening authority. The authority line shows that the order of referral was made by the convening authority but signed pursuant to his direction by an assistant staff judge advocate. That the referral endorsement of the charge sheet was signed by an assistant rather than the staff judge advocate is the gist of this claim of error. This claim is made for the first time on appeal.
A.F.R. 111-1 provides guidance to personnel involved in the administration of military justice regarding the implementation of the provisions of the U.C.M.J. and M.C.M. Paragraph 3-9 of the regulation provides the guidance necessary to insure that a charge sheet properly reflects that either Articles 22, 23, or 24, U.C.M.J., 10 U.S.C. §§ 822, 823 and 824, has been complied with, i.e., “that the court was convened by an official empowered to convene it.” M.C.M., paragraph 8. In our view, the charge sheet adequately shows that the charges were properly referred for trial by special court-martial. In addition, a post-trial affidavit submitted by Lieutenant Colonel A shows he ordered the accused tried and authorized the assistant staff judge advocate to sign the referral endorsement of the charge sheet to reflect his decision. The error, if any, did not rise to jurisdictional proportions, caused no prejudice to the accused, and was waived by a failure to object at trial. United States v. Glover, 15 M.J. 419 (C.M.A.1983); United States v. Blaylock, 15 MJ. 190 (C.M.A. 1983); United States v. Shepardson, 17 M.J. 793 (A.F.C.M.R.1983).
Accordingly, the findings of guilty and the sentence are
AFFIRMED.
Judges SNYDER and O’HAIR concur.

. U.C.M.J., Article 23(a)(4), 10 U.S.C. § 823(a)(4).

. Air Force Regulation 35-54 (15 September 1981), Rank, Precedence, and Command.

. The motions to submit documents made by appellate government and appellate defense counsel are granted.

. See Air Force Regulation 10-7 (30 September 1981), Administrative Orders, paragraph 2-2a.

. Air Force Regulation 111-1 (7 December 1983), Military Justice Guide.