984

## UNITED STATES

v.

## Captain Paul L. GUIDRY, Jr., 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 FR, United States Air Force.

### ACM 24403.

U.S. Air Force Court of Military Review.

Sentence Adjudged 2 March 1984.

Decided 8 March 1985.

Appellate Counsel for the Accused: Jan Horbaly, Springfield, Virginia 22151. Colonel Leo L. Sergi and Major Kathleen G. O'Reilly.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Lieutenant Colonel Donal F. Hartman.

Before FORAY, SNYDER and O'HAIR, Appellate Military Judges.

## DECISION

FORAY, Senior Judge:

The appellant was tried and convicted by a general court-martial, contrary to his pleas, of using marijuana in the presence of enlisted members, in violation of Articles 134 and 133, U.C.M.J., 10 U.S.C. §§ 933, 934.[1] The approved sentence extends to confinement at hard labor for one month, forfeiture of all pay and allowances, and dismissal from the service.[2] Findings and sentence in the case were had prior to 1 August 1984.

Because of our disposition of this case we find it necessary to discuss but one of the errors assigned by appellant. The issue which concerns us is:

THE COURT–MARTIAL WHICH TRIED THE ACCUSED WAS WITHOUT JURISDICTION BECAUSE IT WAS IMPROPERLY CONVENED.

The factual details giving rise to this assignment of error are as follows. On 26 August 1983, the charges upon which the accused was tried and convicted were ordered to be tried by the convening authority before a general court-martial created by him on 25 August 1983. The ostensible convening authority on those dates was the Commander, 3902d Air Base Wing,[3] Colonel M. On 29 February 1984, the special

---

1. The allegations and the evidence show the offenses were committed at the same time and place. We consider them to be multiplicious for findings. *United States v. Rodriquez,* 18 M.J. 363 (C.M.A.1984).

2. In his action the convening authority deferred the sentence to confinement until the sentence is ordered into execution and then erroneously

applied the forfeiture to pay and allowances becoming due on and after the date of the action. Article 57(a), U.C.M.J., 10 U.S.C. § 857(a); M.C.M., 1969 (Rev.Ed.), paragraph 126*h* (5).

3. This organization is located at Offutt Air Force Base.

order convening the court was amended to replace the trial counsel and four court members. This change in the court's composition was ordered by a Colonel P as the convening authority. The action approving the findings and sentence in the case was taken on 8 June 1984, by Colonel M, who had ordered the charges tried.

Appellant questions these alternations of authorities to convene courts-martial by claiming, "There is no evidence in the record of a change of command." As a result, says appellant, the record of trial fails to clearly establish that the court-martial which convicted the appellant was properly convened and had jurisdiction to try the appellant.[4]

To rebut appellant's claim, appellate Government counsel have submitted affidavits and special orders relevant to the issue. These documents outline the procedures employed to appoint the two commanders involved in the processing of this case as convening authorities. An affidavit prepared by Colonel P states he "assumed" command of the 3902d Air Base Wing on 11 August 1983. On that date he was on temporary duty at Offutt Air Force Base from Warner Robins Air Force Base to take part in the ceremony involving his assumption of command of the 3902d Air Base Wing. Subsequent to the change of command ceremony he returned to Warner Robins Air Force Base to continue his command of the 19th Bombardment Wing, where he remained until approximately 11 October 1983. A special order prepared on 9 August 1983 shows that:

Under the provisions of AFR 35–54, COLONEL [M], ..., assumes command of the 3902d Air Base Wing (SAC), during the temporary absence of COLONEL [P],.... Effective 11 Aug 1983.

The authority line of this order shows this change of command was directed by a Colonel McK, the then Commander, 3902d Air Base Wing. On 11 October 1983, Colonel P

resumed command of the 3902d Air Base Wing and remained in command until 6 June 1984. At that time Colonel M once again assumed command of the wing. A special order dated 31 May 1984 announces:

Under the provisions of AFR 35–54, COLONEL [M], ..., assumes command of the 3902D AIR BASE WING (SAC), during the temporary absence of COLONEL [P],.... Effective 6 Jun 84.

The authority line of this order shows the change of command was directed by Colonel P. None of the post-trial matters submitted by appellate Government counsel relate the reason for this temporary absence of Colonel P.

The requisites upon which the jurisdiction of a court-martial is conditioned are set forth in M.C.M., 1969 (Rev.Ed.), paragraph 8. One of the requisites, pertinent to our inquiry, is that the court-martial be convened by an official empowered to convene it. The Commander 3902d Air Base Wing has been empowered to convene general courts-martial by the Secretary of the Air Force.[5] U.C.M.J., Article 22(a)(6), 10 U.S.C. § 822(a)(6). The thrust of our inquiry must then be to determine whether Colonel M was properly acting as Commander, 3902d Air Base Wing, and thus empowered to act as the general court-martial convening authority in this case.

Pursuant to Air Force Regulation 35–54 (15 September 1981), Rank, Precedence, and Command, paragraphs 10 and 18, (hereafter AFR 35–54) command responsibility of Air Force military personnel is determined by either assignment to or assumption of command. The wording of the special orders of 9 August 1983 and 31 May 1984, and the authority lines therein, tell us that Colonel M was not assigned to command by competent authority under the provisions of AFR 35–54, paragraph 10. See Air Force Regulation 10–7 (30 September 1981), Administrative Orders, paragraphs 2–1 and 2–2. The administrative

---

**4.** No objection regarding this issue was made at trial. The failure to object to lack of jurisdiction does not constitute a waiver of that issue on appeal. M.C.M., 1969 (Rev.Ed.), paragraph 67a.

**5.** Special Order GA–13, Department of the Air Force, 1 February 1983.

procedures followed for the preparation of those orders show that an assumption of command under the provisions of AFR 35–54, paragraph 18a, was attempted. The pertinent part of that paragraph states:

> In the event of death, prolonged disability, or absence of the commander in a *nonduty* status, the next senior officer present for duty within the organization or unit and eligible, according to this regulation, will assume command until relieved by proper authority. Assumption of command under these conditions is announced by administrative orders citing this regulation as authority.... Absence of the commander in a temporary duty status does not relieve him or her from discharging the functions of command and, *except under unusual circumstances*, another officer will not assume command during such absence.... (Emphasis supplied.)

Also pertinent to our inquiry is M.C.M., 1969 (Rev.Ed.), paragraph 5a (5), which states that the authority of a commander to convene general courts-martial is retained by him or her as long as he or she continues to be commander and anyone having that authority may not transfer or delegate it. See also AFR 35–54, paragraph 16a. That paragraph of the M.C.M. goes on to say that the rules regarding the "devolution of command in case of the death, disability, or temporary absence" of a commander will be stated in regulations promulgated by the Secretary of the Air Force. See *United States v. Kugima*, 16 U.S.C.M.A. 183, 36 C.M.R. 339 (1966).

Our review of the rules regarding assumption of command set forth by the Secretary of the Air Force in AFR 35–54 indicates that assumption of command is to occur only in extraordinary or emergency situations. Paragraph 9 of that regulation tells us that:

> In addition to the normal operation of the command function as specified by custom and regulation, a basic responsibility exists for all officers to assume command temporarily when essential to good order and discipline or in an emergency.

Paragraph 18a tells us that such a situation to warrant an assumption of command would be the death, prolonged disability, or absence of the commander in a nonduty status. The paragraph goes on to say that the absence of the commander in a duty status does not relieve the incumbent from carrying out the duties of command and, *except under unusual circumstances*, another officer will not assume command during such absence.

Based on the foregoing, it is our view that Colonel M did not properly assume command of the 3902d Air Base Wing either on 11 August 1983 or 6 June 1984. At neither time was Colonel P dead, suffering from a protracted disability, or absent in a nonduty status. Neither was he absent in a temporary duty status and at a time when unusual circumstances existed requiring Colonel M to assume command. Accordingly, Colonel M was not empowered to act as a general court-martial convening authority on those dates that he referred this case to trial and took action on the findings and sentence. Therefor we hold that a basic jurisdictional error is present and the court-martial proceeding against the accused was of no effect. *United States v. Kugima, supra; United States v. Ortiz*, 15 U.S.C.M.A. 505, 36 C.M.R. 3 (1965); M.C.M., 1969 (Rev.Ed.), paragraph 8. See *United States v. O'Conner*, 19 M.J. 673 (A.F.C.M.R.1984).

The findings of guilty and the sentence are set aside. An "other trial" may be ordered. R.C.M. 810.

SNYDER and O'HAIR, Judges, concur.