803

UNITED STATES

v.

**Senior Airman Vincent C. JETTE, FR 029–54–8201, United States Air Force.**

**ACM S26701.**

U.S. Air Force Court of
Military Review.

Sentence Adjudged 7 Feb. 1985.

Decided 18 Oct. 1985.

Appellate Counsel for the Accused: Colonel Leo L. Sergi, Major Kathleen G. O'Reilly and Captain Deborah J. Hudspeth.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, Colonel Andrew J. Adams, Jr., and Lieutenant Colonel Donal F. Hartman.

Before FORAY, MURDOCK and O'HAIR, Appellate Military Judges.

## DECISION

FORAY, Senior Judge:

A special court-martial, with members, convicted the accused of an assault consummated by a battery, in violation of Article 128, U.C.M.J., 10 U.S.C. § 928. The approved sentence extends to a bad conduct discharge, confinement for six months, forfeiture of $200.00 per month for six months, and reduction to airman. The portion of the sentence extending to a bad conduct discharge was suspended until 27 October 1985, with provision for automatic remission unless sooner vacated.

Appellate defense counsel claim there is a question as to whether the court-martial that convicted the accused was properly convened. The gravamen of this claim is whether Colonel F, who had referred the charge against the accused to trial, was properly empowered to do so. The events giving rise to this issue are convoluted.

When the accused was being arraigned, trial counsel announced that the charge was properly referred to trial by the commander, Colonel K. The reference for trial, copied *verbatim* into the record of trial, shows the charge was referred to a special court-martial convened by Special Order AD–7, Headquarters, 3d Combat Support Group, dated 23 January, 1985. Special Order AD–7 was inserted into the record of trial at the appropriate place and shows the convening authority to be Colonel F and not Colonel K as stated by the

trial counsel. A copy of an electrical message from Headquarters Pacific Air Forces addressed to the Commander, 3d Combat Support Group and dated 21 January, 1985, was also inserted into the record of trial. The message announces that a special order was published on 15 January, 1985, appointing Colonel F as Commander, 3d Combat Support Group, during the temporary absence of Colonel K, effective 19 January 1985.[1] In addition, Special Order AD–8, dated 7 February, 1985, was included in the record of trial at the appropriate place. Special Order AD–8 amended Special Order AD–7 by replacing a previously appointed court member and appointing another court-member in that member's place. The signature element appearing on Special Order AD–8 shows that the change in the court membership was ordered by Colonel K.

In response to appellant's claim of error, appellate Government counsel submitted a Motion For Leave To File Documents, which we grant. One of these documents, pertinent to our inquiry, is Special Order GA–03, Headquarters Pacific Air Forces, dated 15 January, the special order alluded to in the electrical message inserted in the record of trial. Special Order GA–03 announces:

> By direction of the President, COLONEL [F], ..., is appointed Commander, 3d Combat Support Group, Clark AB, Philippines, effective 19 January 1985, during the temporary absence of Colonel [K], .... Authority: AFR 35–54.

With the issue before us in this posture we were unable to discern the authority under which Colonel K proceeded to issue Special Order AD–8 amending Special Order AD–7 and to take action on the findings and sentence in the case. As a result this Court, on 19 July, 1985, specified the following issue:

> Assuming Colonel [F] was properly appointed to command the 3d Combat Sup-

---

1. Pursuant to Air Force Regulation 10–7, Administrative Orders (30 September 1981), paragraph 2–2, the effective date of the appointment order automatically voided the appointment of

Colonel K. As a result, the use of the words "during the temporary absence of" in Special Order GA–03 appears to be unauthorized and of no force and effect.

port Group on 23 January 1985, and authorized to create the special court-martial (Special Order AD–7) to try the accused, what was Colonel [K's] authority to later amend the court-martial convening order and take action on the findings and sentence in the case.

Among the responses submitted by appellate Government counsel with regard to the issue specified was a Motion For Leave To File Documents which we also grant. Included among the documents is Special Order G–80, Headquarters, 3d Combat Support Group, dated 9 September, 1985, which announces:

Under the provisions of AFR 35–54, COL [K], ..., assumes command of the 3D COMBAT SUPPORT GROUP (PACAF), effective 28 Jan. 85.

Also included among the documents filed is an affidavit of Colonel K, dated 9 September, 1985, explaining the reason behind his assumption of command effective 28 January 1985. He states he "temporarily" relinquished command on 19 January 1985, and left Clark Air Base for temporary duty at Lowry Air Force Base between 21 and 24 January, returning to Clark Air Base on 28 January to resume his command functions. He further states that due to "administrative oversight" no special order was prepared announcing his assumption of command until 9 September 1985.

The requisites of court-martial jurisdiction are set forth in R.C.M. 201(b). One of these requisites, important to our inquiry, is "the court-martial must be convened by an official empowered to convene it." R.C.M. 201(b)(1). Within the Air Force the commanding officer of a group is empowered to convene special courts-martial. Article 23(a)(4), U.C.M.J., 10 U.S.C. § 823. The rules by which command devolves are determined by the Secretary of the Air Force and are found in Air Force Regulation 35–54, Rank, Precedence, and Command (15 September 1981), paragraphs 10 and 18; RCM 504(b)(1), Discussion. In ac-

cordance with those two regulatory paragraphs an officer may be assigned to command by competent authority or may assume command in the event of death, prolonged disability, or absence of the commander in a nonduty status.

■■■ In the case before us we find that Colonel F was properly assigned to command the 3d Combat Support Group by competent authority effective 19 January, 1985. AFR 35–54, paragraph 10a(1)(a). The assignment constituted him an official empowered to convene special courts-martial and, thus, he properly referred the charge against the accused to a special court-martial created by him. Article 23(a)(4), UCMJ; RCM 201(b)(9). We further find that Colonel K was not properly in command of the 3d Combat Support Group at the time he promulgated Special Order AD–8 amending Special Order AD–7 [2] and at the time he took action on the findings and sentence in the case. When Colonel F was assigned to command his appointment thereto automatically voided the command held by Colonel K. In our view, the only way Colonel K could have properly acted in the manner in which he did in this case was if he had been returned to command the 3d Combat Support Group by being assigned by competent authority or by assuming command. AFR 35–54, paragraphs 10a(1)(a) and 18a. The method employed here was an attempt by Colonel K to assume command under the provisions of AFR 35–54, paragraph 18a. The assumption of command was announced in a special order prepared more than eight months after the effective date of the assumption. In order for Colonel K to have assumed command validly on 28 January, Colonel F must have been dead, disabled for a prolonged time, or absent in a nonduty status. None of these reasons existed as the reason for Colonel K's assumption of command, therefor, the assumption was not valid. AFR 35–54, paragraph 18a. As a result, we find a basic jurisdictional de-

---

**2.** Changes of the members of the court-martial may only be made by an authority competent to

detail such persons. RCM 505(a).

fect present in this case, rendering the court-martial proceeding against the accused to be of no effect.[3] *United States v. Guidry,* 19 M.J. 984 (A.F.C.M.R.1985); *United States v. O'Connor,* 19 M.J. 673 (A.F.C.M.R.1984).

For the reasons stated, the findings of guilty and the sentence are set aside. An "other trial" may be ordered. RCM 810.

MURDOCK and O'HAIR, Judges, concur.

---

**3.** We commend all personnel involved in the courts-martial process to become intimately familiar with the provisions of AFR 35–54, paragraphs 10 and 18. We also commend the prac-

tice of inserting assignment to or assumption of command special orders in records of trial where changes of command have occurred during the courts-martial processes.