UNITED STATES

v.

Sergeant Steven G. PAZDERNIK, FR 494–68–8069, United States Air Force.

ACM S26928.

U.S. Air Force Court of Military Review.

7 March 1986.

**504**

Appellate Counsel for the Accused: Colonel Leo L. Sergi, Captain Timothy J. Malloy and Captain Raymond J. Hardy, Jr., USAFR.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Lieutenant Colonel Donal F. Hartman, Jr.

Before SESSOMS, MURDOCK and CARPARELLI Appellate Military Judges.

## DECISION

SESSOMS, Senior Judge:

The appellant was tried by special court-martial with members. Contrary to his pleas, he was convicted of two specifications of wrongfully communicating a threat in violation of Article 134, U.C.M.J., 10 U.S.C. § 934. The sentence imposed included a reduction to airman basic, confinement for two months, forfeiture of $100.00 per month for two months, and a bad conduct discharge.

Though this case was originally submitted to this court to be decided on its merits, we specified the following issue:

WAS COLONEL ROBERT A. ATOR THE COMMANDER OF THE 1ST COMBAT SUPPORT GROUP, AND, THEREFORE, THE CONVENING AUTHORITY, IN ACCORDANCE WITH ARTICLE 23 U.C.M.J., AND AFR 35–54, ON 1 OCTOBER 1985, THE DATE THE CHARGES WERE REFERRED, ON 8 OCTOBER 1985, THE DATE THE CONVENING ORDER WAS AMENDED, AND ON 27 NOVEMBER 1985, THE DATE THE ACTION WAS TAKEN ON THIS CASE?

Colonel Robert A. Ator assumed command of the 1st Combat Support Group on 23 May 1984 pursuant to competent authority. Upon Colonel Ator's deployment to Southwest Asia on 29 July 1985 the 9th Air Force Commander appointed Lieutenant Colonel Victor L. Tucker commander of the 1st Combat Support Group in accordance with Air Force Regulation (AFR) 35–54. On 5 September 1985, when he returned from his temporary duty, Colonel Ator published Special Order G–36 using the following language:

Colonel Robert A. Ator resumes command of the 1st Combat Support Group, effective 4 September 1985.

Thereafter, Colonel Ator acted as convening authority in this case by referring it to trial; amending the appointing orders; and taking action approving the findings and sentence adjudged.

Air Force Regulation 35–54, Rank, Precedence and Command, is the regulatory authority in matters of this nature. At all times pertinent to this case AFR 35–54, paragraph 18, contained the following language:

a. In the event of prolonged absence of the commander the next senior officer present for duty within the organization or unit, and eligible according to this regulation, should assume command until relieved by proper authority.

In paragraph 10c, the regulation specifically addresses permanent and temporary actions in the following manner:

Permanent actions divest the previous commander of command permanently. Temporary actions do so only temporarily. Assumptions of command may be permanent or temporary. Temporary assumptions are used when the regularly assigned commander is absent only temporarily. If the assumption is temporary, the previous commander is revested with command automatically on his or her return, and no new orders need be published. Appropriate orders formats for both permanent and temporary assumptions are in AFR 10–7. *Appointments are always permanent.* When the regularly-assigned commander is absent only temporarily and then returns after another officer has been appointed, he or she is revested with command only if he or she actually assumes command, or is appointed to command. In either case new orders are necessary. [Emphasis Added].

AFR 35–54, para. 10c. IMC 85–1.

Although the language quoted above is somewhat ambiguous, we interpret the regulation, in its entirety, to mean that there are two methods by which an officer can become commander of an organization: by appointment or by assumption of command. If an officer is appointed to command by a superior authority, as was Lieutenant Colonel Tucker in this case, that appointment is permanent and the person he replaces is permanently divested of command. In order for the former commander to regain command of the organization, the former commander must either be appointed by a superior authority, or assume command in the prolonged absence of the regularly appointed commander in accordance with AFR 35–54 para. 10. Neither of those methods was utilized in this instance. Colonel Ator was not appointed by superior authority, an act which would have divested Lieutenant Colonel Tucker of his command. Nor did Colonel Ator assume command during a prolonged absence of Lieutenant Colonel Tucker, the regularly-appointed commander. His order "resuming" command could not satisfy either of these regulatory provisions.[1] See *United States v. O'Conner,* 19 M.J. 673 (A.F.C.M.R.1984), and *United States v. Guidry,* 19 M.J. 984 (A.F.C.M.R.1985).

We find that Colonel Ator was without authority to refer this case to trial, to amend the convening order, or to take action on the findings and sentence. Accordingly, the court was without jurisdiction and the proceedings were a nullity.

The findings of guilty and the sentence are set aside. An "other trial" may be ordered. R.C.M. 810.

MURDOCK and CARPARELLI, Judges, concur.

---

1. The appellee's Motion for Leave to File Documents dated 14 February 1986 is granted.