**UNITED STATES**

v.

**Airman Basic Jeffery L. BIERLEY, FR 408–29–2455, United States Air Force.**

**ACM S27035.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 28 Feb. 1986.

Decided 18 Sept. 1986.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Captain Charles L. Wille.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Lieutenant Colonel Donal F. Hartman, Jr.

Before FORAY, MURDOCK and O'HAIR, Appellate Military Judges.

## DECISION

FORAY, Senior Judge:

Appellant is contesting his special court-martial conviction for drug abuse by contending:

### I

THE COURT–MARTIAL WAS WITHOUT JURISDICTION BECAUSE LT COL [H], THE CONVENING AUTHORITY, WAS NOT PROPERLY APPOINTED TO COMMAND.

But, if he was properly appointed to command, then:

### II

THE ACTION OF THE CONVENING AUTHORITY IS INVALID, AS THERE IS NO EVIDENCE THAT COLONEL [W] WAS PROPERLY IN COMMAND.

At the trial of this case, during arraignment, trial counsel announced that the charges were, in fact, referred to trial by Lieutenant Colonel H.[1]  A copy of a special order announcing the appointment of Lieutenant Colonel H as Commander, 27th Com-

---

1. The charges were referred to trial on 21 February 1986, to a special court-martial created by Lieutenant Colonel H that same day.

bat Support Group, was attached to the record of trial as an appellate exhibit. The record of trial also shows that Colonel W did take the action approving the findings and the sentence in this case.[2] Nothing was appended to the record of trial to show how the command of the 27th Combat Support Group devolved upon Colonel W.

The special order appointing Lieutenant Colonel H as commander is Special Order G–25, Headquarters 27th Combat Support Group, dated 18 February 1986. The substance of this order is:

> By direction of the President, Lt Col [H], ..., is appointed Commander, 27th Combat Support Group, Cannon AFB NM effective 18 February 86. AUTHORITY: Ltr from 27TFW/CC dated 18 FEB 86.

The order contains the name, grade and title of Colonel W as issuing official and the authentication line of the Chief, Base Administration.

Appellant claims that Colonel W was without authority to issue the order appointing Lieutenant Colonel H to command the 27th Combat Support Group, therefore the latter was not empowered to convene a special court-martial and order the appellant tried by it.

To counter this and appellant's other claim of error, appellate Government counsel have moved for leave to file certain documents which we grant. These documents include, among others, an affidavit of Colonel J, the Commander, 27th Tactical Fighter Wing[3] during the times pertinent to our inquiry, and Special Order G–27, Headquarters, 27th Combat Support Group, dated 28 February 1986, announcing Colonel W's assumption of command of that organization, effective 22 February 1986.

Colonel J's affidavit tells us that he had caused a letter to be prepared for his signature on 18 February 1986, directing the base director of administration to take the steps necessary to have a special order prepared and published appointing Lieutenant Colonel H as commander of the 27th Combat Support Group during the "temporary absence" of Colonel W.[4] The result of his direction was Special Order G–25 previously cited. Colonel J further states that a combat support commander was "clearly" needed during this period "to act in the capacity of special court-martial convening authority for a pending special court-martial."[5] He also states that such an official was needed during the same time to act as discharge authority regarding pending administration discharge actions.

Pertinent to appellant's second claim of error is the following part of Colonel J's affidavit:

> Colonel [W] returned from TDY late in the evening on 21 February 1986. Neither I nor the Chief, Base Administration considered an appointment order necessary or desirable to restore Colonel [W] to his position as Group Commander. Colonel [W] was then and always has been the senior officer in both rank and grade and the only O–6 assigned to the 27th Combat Support Group since he assumed command of the Group on 28 June 1985. As the senior ranking officer, Colonel [W] was authorized by paragraph 10c, AFR 35–54, to assume command upon his return. He did and appropriate orders reflecting Colonel [W'S] assumption of command were later published.

Resolution of the issues before us will be determined by the regulatory provisions regarding devolution of command promulgated in Air Force Regulation (A.F.R.) 35–

---

**2.** The action is dated 31 March 1986.

**3.** The 27th Combat Support Group is a subordinate unit within the 27th Tactical Fighter Wing.

**4.** Colonel W was to be absent in a temporary duty status at Langley Air Force Base from 18 February until 21 February 1986.

**5.** Appellant was brought to trial within six days of the date charges were preferred against him. See R.C.M. 707(a)(1). It does not appear that the need for the appointment of Lieutenant Colonel H for the purpose stated was "clear" at all.

54, Rank, Precedence, and Command (15 September 1981) and its changes.[6] According to Interim Message Change (I.M.C.) 85–1 to A.F.R. 35–54, there are two ways an officer may succeed to command. They are by assumption of command, a unilateral act, and by appointment to command, which is an act of the President of the United States. See 10 U.S.C. § 749(a). The Secretary of the Air Force, acting for the President has delegated the authority to appoint to command to certain Air Force officers and commanders to include wing commanders but not group commanders. I.M.C. 85–3 to A.F.R. 35–54, paragraph 10b(1).

Succession to command may be permanent or temporary. Assumptions of command may be either, while appointments to command are always permanent. Either of the permanent actions work to divest the previous commander of command responsibility permanently.[7] The temporary action divests the previous commander of command responsibility temporarily and when that commander returns from his or her absence, he or she is revested with command automatically. The same result does not ensue when a commander is divested of command by a permanent assumption of command or an appointment to command of another officer and the replaced former commander returns. In this instance the officer returning may be revested with command only if he or she assumes command or is appointed to command by competent authority. I.M.C. 85–1 to A.F.R. 35–54, paragraph 10c.

With these regulatory principles in mind, we next determine whether Lieutenant Colonel H was properly appointed to command of the 27th Combat Support Group and, therefore, properly acting as convening authority at the time when this case was referred to trial.[8]

Special Order G–25, purporting to appoint Lieutenant Colonel H to command gives the appearance that it was the order of Colonel W, the group commander and not that of Colonel J, the wing commander. If such were the case, the order would be a nullity as Colonel W, as a group commander, was not a delegate of the Secretary of the Air Force's authority to assign officers to command. I.M.C. 85–1 and 85–3 to A.F.R. 35–54, paragraph 10b. An improper appointment to command of Lieutenant Colonel H would not have empowered him to create a special court-martial and refer charges to that court to try the appellant. Article 23(a)(4), 10 U.S.C. § 23(a)(4), U.C.M.J. See *United States v. O'Connor*, 19 M.J. 673 (A.F.C.M.R.1984). However, under the circumstances involved in the appointment of Lieutenant Colonel H, we find it to have been a proper appointment. The appointment was, in fact, ordered by Colonel J, the wing commander, which commander was delegated the authority to appoint subordinate commanders by the Secretary. I.M.C. 85–3 to A.F.R. 35–54, paragraph 10b. Because Special Order G–25 was prepared in a slapdash manner giving the appearance the appointment was ordered by Colonel W, the group commander, does not detain us. We find the administrative error committed in the attempt to announce a valid appointment to command to be an error of form only and not one of any substance. We conclude that the special court-martial which tried appellant was convened by an official empowered to convene it. *United States v. O'Connor, supra; United States v. Pazdernik*, 22 M.J. 690 (A.F.C.M.R.1986); Article 23(a)(4), U.C.M.J.

**6.** The rules by which command devolves are determined by the Secretary of the Air Force. R.C.M. 504(b)(1), Discussion.

**7.** In our view, a permanent action is intended to be used to succeed a commander who is pending a permanent change of station move, resignation, or retirement or is to be replaced because he is no longer qualified to command because of health, loss of an aeronautical rating, or other good cause.

**8.** A requisite of court-martial jurisdiction is "the court-martial must be convened by an official empowered to convene it." R.C.M. 201(b)(1). A group commander is empowered to convene special courts-martial. Article 24(a)(4), 10 U.S.C. § 824(a)(4), U.C.M.J.

**560**

We turn next to appellant's other claim to determine whether Colonel W, who took the action approving the findings and sentence in the case, was an official empowered to do so. We find that he was not.

■ When Colonel J ordered Lieutenant Colonel H appointed to command of the 27th Combat Support Group the appointment was a permanent appointment which effectively and automatically divested Colonel W of command of that organization. I.M.C. 85-1 to A.F.R. 35-54, paragraph 10c; A.F.R. 10-7, Administrative Orders (30 September 1981), paragraph 2-2. We are mindful that Colonel J intended Lieutenant Colonel H's appointment to be effective only during Colonel W's "temporary absence" of three days. However, his intention was contrary to the express provisions of the applicable directive cited and may not be given any effect. In order for Colonel W to have been revested with command he would have had to have been appointed to command by higher authority or he would have had to assume command under the terms of the pertinent directive. In either case, appropriate administrative orders would have had to have been published announcing the action. I.M.C. 85-1 to A.F.R. 35-54, paragraph 10c; A.F.R. 10-7, paragraphs 2-1 and 2-2. Here, the action taken by Colonel W was an apparent attempt to be revested with command by his assumption of command. His action was announced in Special Order G-27, dated 28 February 1986, as follows:

Under the provisions of AFR 35-54, COLONEL [W], ..., assumes command of the 27th Combat Support Group, Cannon Air Force Base, New Mexico effective 22 Feb 86.

Two provisions of A.F.R. 35-54 render the action taken by Colonel W to assume command a nullity. Pursuant to paragraph 10a, the senior assigned officer eligible [9] to assume command of an Air Force unit could do so *unless* another officer has been appointed to command by proper authority.

Pursuant to paragraph 18, in the event of a *prolonged absence* of the commander, the next senior officer present for duty within the organization of unit, who is otherwise eligible, should assume command until relieved by proper authority.

Since Lieutenant Colonel H was appointed to command the unit in question by order of a higher authority, Colonel W could not rescind or countermand that order by his unilateral act of assuming command of the unit. Additionally, since Lieutenant Colonel H was not in a prolonged absence status as of 22 February 1986, Colonel W was not authorized to assume command. As a result, we find that Colonel W was not properly in command of the 27th Combat Support Group effective 22 February 1986, and, therefore, was not an official empowered to take the action of the convening authority on 31 March 1986, approving the findings and sentence in this case. *United States v. Pazdernik, supra. See United States v. Jette,* 22 M.J. 803 (A.F.C.M.R.1985); *United States v. Guidry,* 19 M.J. 984 (A.F.C.M.R.1985); *United States v. O'Connor, supra.* See also *United States v. Kugima,* 16 U.S.C.M.A. 183, 36 C.M.R. 339 (1966); *United States v. Bunting,* 4 U.S.C.M.A. 84, 15 C.M.R. 84 (1954).

Accordingly, the action approving the findings and sentence is set aside. The record of trial is returned to The Judge Advocate General for remand to an officer empowered to convene special courts-martial for an other action.

Judge O'HAIR concurs.

Judge MURDOCK did not participate in the decision.

---

**9.** Colonel W was the senior assigned officer eligible to assume command of the 27th Combat

Support Group on 22 February 1986.