**UNITED STATES**

v.

**Airman Kurt D. BOYLE, FR 063–66–0680, United States Air Force.**

**ACM 28164.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 30 Aug. 1989.

Decided 5 March 1990.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Major Ronald G. Morgan.

Appellate Counsel for the United States: Colonel Joe R. Lamport; Colonel Robert E. Giovagnoni; Major Paul H. Blackwell, Jr.; Captain David G. Nix and Colonel William T. Hoffman, USAFR.

Before BLOMMERS, KASTL and MURDOCK, Appellate Military Judges.

## DECISION

KASTL, Senior Judge:

Airman Boyle calls our attention to various errata in connection with his court-martial. We find no error prejudicial to his substantial rights and affirm.

### I

■ He first notes that the Acting Staff Judge Advocate signed the referral block (Block 14), of the Charge Sheet, DD Form 458, as a judge advocate and not as an administrative officer acting at the direction of the convening authority. At the time he signed, the governing directive was a now-rescinded portion of Air Force Regulation 111-1, *Military Justice Guide*, paragraph 4–7(b)(5) (30 September 1988).* *See also* paragraph 6–3c(1).

The issue is controlled by *United States v. Blaylock*, 15 M.J. 190 (C.M.A.1983) and *United States v. O'Connor*, 19 M.J. 673 (A.F.C.M.R.1983) and the analysis therein. The error, if any, caused no prejudice to the accused. Furthermore, the matter was waived by failure to object at trial. *United States v. O'Connor*, 19 M.J. at 675.

### II

The appellant also argues that the post-trial Staff Judge Advocate's Recommendation erroneously advised the convening authority regarding the maximum imposable sentence. The maximum permissible confinement was in fact 26½ years; however, in paragraph 38, in the body of the Recom-

mendation, the maximum permissible punishment is incorrectly stated as 36½ years. It was based upon this erroneous advice, says the appellant, that the convening authority approved the adjudged sentence.

■ If the staff judge advocate sets forth a maximum sentence, he must state it accurately. *United States v. Johnson*, 8 M.J. 634, 636 (A.C.M.R.1979). However, since the error was not raised in the defense response under *United States v. Goode*, 1 M.J. 3 (C.M.A.1975), it was waived absent manifest injustice. R.C.M. 1106(d)(6) and (f)(6). We find no such injustice present. *United States v. Myhrberg*, 2 M.J. 534 (A.C.M.R.1976). *See also United States v. Dickerson*, 15 M.J. 753 (A.F.C.M. R.1983) and cases cited.

■ We offer a final word of caution on this matter: R.C.M. 1106 sets forth the form and content required in the Staff Judge Advocate's Recommendation. The drafters intended to streamline the former Byzantine process—a "concise statement of required and others matters" is called for and "[s]ummarization of the evidence and review for legal error is not required." MCM, App. 21, R.C.M. 1106 at A21–73. Unfortunately, we are beginning to see inordinately lengthy reviews—such as this one. Here, the maximum permissible sentence was correctly stated on AF Form 242, the cover sheet for the Staff Judge Advocate's Recommendations. *It was only when the matter was repeated unnecessarily in the body of the document that any difficulty arose.*

We repeat the advice contained in a recent message to the field from The Judge Advocate General, Subject: Headquarters Update, 19 December 1989: In most cases, the Staff Judge Advocate's Recommendation can address required matters in a maximum of two or three pages, including the AF Form 242. We appreciate the professionalism and care with which the author treated this court-martial. However, we

---

* The provision has been replaced by IMC 90–1, 19 January 1990. It permits a judge advocate to sign *in his capacity as a judge advocate*, when

the requisite command approval has been obtained.

recommend to all who learned their trade prior to the present Manual for Courts–Martial that it is time to gracefully and good-naturedly surrender to current guidance and prepare Recommendations in a more-streamlined, modern fashion.

### III

Finally, the appellant invites our attention to the appropriateness of his sentence. We have carefully considered the entire record and find the sentence befitting this appellant and his offenses.

The findings of guilty and the sentence are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

Senior Judge BLOMMERS and Judge MURDOCK concur.