**UNITED STATES**

v.

**Major William J. COTTRELL, Jr., 364–54–6380, United States Air Force.**

**ACM 28510.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 15 March 1990.

Decided 25 Jan. 1991.

---

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair; Lieutenant Colonel Jeffrey R. Owens; Captain Michael D. Burt and Major Conrad C. Baldwin, USAFR.

Appellate Counsel for the United States: Colonel Robert E. Giovagnoni; Major Brenda J. Hollis; Major Paul H. Blackwell, Jr. and Captain Morris D. Davis.

Before LEONARD, RIVES and McLAUTHLIN, Appellate Military Judges.

## OPINION OF THE COURT

McLAUTHLIN, Judge:

Consistent with his pleas, Major William J. Cottrell, Jr. was convicted of Article 134, UCMJ, 10 U.S.C. § 934, offenses of fraternization and adultery.[1] His approved sentence is dismissal from the Air Force. We find appellant's plea to fraternization improvident, and set aside that portion of his conviction.

### I

Cottrell entered active duty in January 1978. From July 1987 to November 1989, he was the senior nurse anesthetist for the hospital at McConnell Air Force Base, Kansas. He has been married since November 1969.

From October 1988 until October 1989, Cottrell had a romantic, sexual relationship with Staff Sergeant Tammy Duncan, a female military member also assigned to the McConnell hospital. During their year-long liaison, Duncan served as the hospital's noncommissioned officer in charge of surgical services. Her primary duties involved ordering supplies and maintaining surgical stock levels.

In the providency inquiry, the military judge asked Cottrell if he gave "... direction during surgery and post-surgery care to Sergeant Duncan." Cottrell responded, "Rarely, but yes, sir." Then, Cottrell explained:

> Our jobs interfaced mostly in the administrative area. She would help in the clinical aspect of the operations when we were short-handed. But for the most part, she was the administrator of the area. So her major duty was administrative and mine was clinical. But there was a working relationship.

1. The fraternization specification alleged:
 In that Major William J. Cottrell, Jr., United States Air Force, 384th Strategic Hospital, did, in the continental United States, on diverse occasions from on or about 1 October 1988 to on or about 15 November 1989, knowingly fraternize with SSgt Tammy Duncan, an enlisted person not his wife, on terms of military equality, to wit: kiss SSgt Tammy Duncan on the mouth at a party in the presence of other military members, sleep in the same bed with SSgt Tammy Duncan at the home of a military subordinate, and carry on a sexual relationship with SSgt Tammy Duncan with the knowledge of other military members also assigned to the 384th Strategic Hospital, in violation of the custom of the United States Air Force that officers shall not fraternize with enlisted persons on terms of military equality.

## II

■ Absent a regulatory beacon,[2] identifying impermissible fraternization in officer-enlisted relationships has been like sailing in uncharted waters. The *Johanns*[3] case provides our heading. There, this Court found an unmarried Air Force captain guilty of neither conduct unbecoming an officer (Article 133, UCMJ, 10 U.S.C. § 933), nor conduct prejudicial to good order and discipline or of a nature to discredit the armed forces (Article 134, UCMJ), when he engaged in "mutually voluntary, private, non-deviate sexual intercourse with an enlisted member, neither under his command nor supervision." 17 M.J. at 869.

Occasionally, we locate or leave directional buoys. Recently, in *United States v. Appel*, 31 M.J. 314 (C.M.A.1990), the Court of Military Appeals addressed the requirements of proof when, as here, a guilty plea is entered to fraternization. Because it has no punitive regulation defining officer-enlisted relationships harmful to military discipline, "the Air Force must accept ... the obligation to establish by proof at trial the existence and notice of the custom that has been violated." *Appel*, 31 M.J. at 320. According to the *Appel* Court, the record must reflect "undisputed facts ... sufficient to establish the violation of an Air Force custom against fraternization." *Appel*, 31 M.J. at 321.

In *United States v. Parrillo*, 31 M.J. 886 (A.F.C.M.R.1990), we found "... as a matter of fact that a commander or supervisor who fraternizes sexually with someone under his command or supervision clearly violates a long-standing custom of the Air Force." The Court of Military Appeals in *United States v. Wales*, 31 M.J. 301 (C.M.A.1990), indicated its unwillingness to extend the "commander-supervisor" definition of "custom" for Air Force fraternization cases:

... we conclude that, if the Air Force elects to prosecute and punish private

sexual intercourse between an officer and an enlisted person not under his command or supervision, then ... it must promulgate specific punitive regulations forbidding the unwanted conduct.

31 M.J. at 307.

*Appel* adopts the following definition of "supervisory relationship" for Air Force fraternization cases:

... the enlisted member [must] be subordinate in assignment, plus there must be a duty relationship which regularly or recurringly calls for or may call for direction, oversight, correction or evaluation of the enlisted member by the officer. It is not required that there be a formal supervisory or command relationship between the two ...

31 M.J. at 317.

The course set by *Johanns, Wales, Appel,* and *Parrillo* requires that the government prove, by "undisputed facts," the existence, notice, and violation of a custom of the Air Force. Only fraternization by a supervisor, as defined in *Appel*, or a commander, has been held to be prosecutable in a trial by court martial.

## III

■ Here, Cottrell admitted the existence of, and his awareness of the Air Force custom against fraternization. In his providency inquiry, Cottrell said he knew Duncan was an enlisted member and that the fraternization described in the specification "violated the custom of the Air Force that officers shall not fraternize with enlisted members on terms of military equality." Cottrell told the military judge he knew the relationship was wrong, but in his mind "... the affections outweighed the wrong." Cottrell also acknowledged that his "conduct was prejudicial to good order and discipline in the armed forces or of a nature to bring discredit upon the armed forces."

---

2. After the trial of the case at bar, Air Force Regulation 35–62, *Policy on Fraternization and Professional Relationships* (16 April 1990), was published. However, that regulation merely provides a nonpunitive statement of Air Force policy.

3. *United States v. Johanns,* 17 M.J. 862 (A.F.C.M.R.1983), *aff'd* 20 M.J. 155 (C.M.A.1985), *cert. denied,* 474 U.S. 850, 106 S.Ct. 147, 88 L.Ed.2d 122 (1985).

Cottrell's stipulation and admissions to the military judge, however, fall short of "undisputed facts" establishing a violation of a custom of the Air Force as set forth in *Johanns, Appel,* and *Parrillo.* Proof is lacking of the supervisory relationship defined in *Appel.* Cottrell said his work was clinical while Duncan's was primarily administrative, and that he "rarely" gave direction to Duncan. Theirs was not "a duty relationship which regularly or recurringly calls for or may call for direction, oversight, correction or evaluation." *Appel,* 31 M.J. at 317.[4] Therefore, we find appellant's conviction of Specification 2 of the Charge was based upon an improvident plea of guilty, and that conviction is set aside.[5]

## IV

■ Appellate defense counsel invite our attention to the fact that two different persons acted as convening authority on the record of trial. They urge that this circumstance, together with the lack of documentation in the record establishing a change of command, suggest that the court-martial lacked jurisdiction to hear the case. *See United States v. Guidry,* 19 M.J. 984 (A.F.C.M.R.1985). We find appellate counsel's concern in this area to be without a factual basis.[6] Both convening authorities were properly in command. *United States v. Jette,* 25 M.J. 16 (C.M.A. 1987).

## V

■ Having set aside one of two offenses of which appellant was convicted we must now determine, if the convening authority elects not to retry the fraternization offense, whether appellant's sentence may be reassessed or a rehearing on sentence is necessary. In making that determination, we note that the parties considered the two Article 134, UCMJ, offenses multiplicious for sentencing, and adopted the maximum punishment for fraternization.[7]

For us to reassess appellant's sentence, we must be able to decide accurately what sentence would have been adjudged by his court-martial if he had only been convicted of adultery. *United States v. Peoples,* 29 M.J. 426, 428 (C.M.A.1990). We find that we cannot determine "with the requisite degree of certainty" that appellant would have been sentenced to a dismissal under those circumstances. 29 M.J. at 428. His good prior record and the difference between the maximum punishments for adultery and fraternization may have produced a substantially different sentence.

## VI

Appellant's findings of guilty of Specification 1 of the Charge are affirmed. His conviction of Specification 2 of the Charge and his sentence are set aside. A rehearing may be held on Specification 2 of the Charge and on the sentence.

Senior Judge LEONARD and Judge RIVES concur.

---

4. It should be noted that the Court of Military Appeals decision in *United States v. Appel* was not available to the parties at the time their appellate briefs were prepared and submitted.

5. Cottrell also pleaded guilty to and was found guilty of adultery. We find that plea provident.

6. Appellate Government's MOTION TO SUBMIT DOCUMENT AND REPLY TO ASSIGNMENT OF ERROR, dated 8 June 1990, is GRANTED.

7. Fraternization in the Manual for Courts–Martial provides a maximum punishment of a dismissal, forfeiture of all pay and allowances, and confinement for two years. MCM, Part IV, paragraph 83e (1984). Adultery calls for a maximum punishment of a dismissal, forfeiture of all pay and allowances, and confinement for one year. MCM, Part IV, paragraph 62e (1984).